ALICE E. BROPHY,

*vs.*

CITIES SERVICE COMPANY, a corporation of the State of Delaware, et al.

*New Castle, December 14, 1949.*

*Daniel F. Wolcott,* of the firm of Southerland, Berl & Potter, for Thomas F. Kennedy.

*Robert C. Barab,* (*Nathan B. Kogan,* of New York City, of counsel), for Kathryn V. Brophy, executrix of Alice E. Brophy, deceased.

HARRINGTON, Chancellor: The question is whether the amended complaint states a cause of action against Thomas F. Kennedy, one of the defendants. Four causes are alleged, but only one seeks any relief against him. It appears that with the exception of Kennedy, the individual defendants were directors of Cities Service Company throughout the period involved in the action and constituted the controlling majority of the board. The gravamen of the charge against Kennedy is that at all times material he was employed in an "executive capacity" and as "confidential secretary" to the defendant, W. Alton Jones, a director and officer of Cities Service Company; that in those capacities "he had access to confidential information concerning Cities Service Company" and its operations and the operations of its subsidiaries. The acts of Kennedy labelled fraudulent are briefly, that by reason of his employment he knew in advance from 1932 to the date of filing the amended complaint when Cities Service Company, or its controlled subsidiaries, intended to purchase shares of Cities Service Company's stock[1] on the open market in quantities sufficient to cause a rise in its market price; that knowing in advance when such purchases were to be made Kennedy acquired for his personal account, or for the account of his nominees, Cities Service Company's shares prior to the purchase by the company, and thereafter sold them at a profit resulting from the rise in the market price incident to the purchase by Cities Service Company; that by reason of Kennedy's employment as an executive and as the confidential secretary to an officer and director of Cities

---

[1] *See* § 19, *General Corporation Law, Rev. Code* 1935, § 2051.

Service Company he occupied a position of trust and confidence toward the corporation, with respect to the information so acquired, and the purchase of its stock for his own account was a breach of the duty he owed to Cities Service Company.

The relief sought against Kennedy is that he be directed to account as a constructive trustee for all profits made by him from the purchase and sale of such stock, and that he be adjudged liable to Cities Service Company for the amount of such profits.

Constructive trusts depend for their existence on the wrongful conduct of a defendant causing unjust enrichment, and not on the intent of the parties. See *Greenly v. Greenly*, 29 *Del.Ch.* 297, 49 *A.2d* 126.

A mere employee, not an agent with respect to the matter under consideration, does not ordinarily occupy a position of trust and confidence toward his employer. *Irving Trust Co. v. Deutsch*, (2 *Cir.*) 73 *F.* 2d 121, *certiorari* denied, *Biddle v. Irving Trust Co.*, 294 *U.S.* 708, 55 *S.Ct.* 405, 79 *L.Ed.* 1243; *Palmer v. Cypress Hill Cemetery*, 122 *N.Y.* 429, 25 *N.E.* 983; *cf. Woolley's Laundry v. Silva*, 304 *Mass.* 383, 23 *N.E.2d* 899, 126 *A.L.R.* 752. But if an employee in the course of his employment acquires secret information relating to his employer's business, he occupies a position of trust and confidence toward it analogous in most respects to that of a fiduciary, and must govern his actions accordingly. *E. I. Du Pont de Nemours Powder Company v. Masland*, 244 *U.S.* 100, 101, 37 *S.Ct.* 575, 61 *L.Ed.* 1016; *Essex Trust Company v. Enwright*, 214 *Mass.* 507, 102 *N.E.* 441, 47 *L.R.A.* (*N.S.*) 567; *Scott on Trusts*, § 505.1; *Restatement, Restitution*, § 200.

Applying these principles, a confidential relation between Kennedy and Cities Service Company is alleged, though it does not appear that his executive and other duties related to the shaping of corporate policy with respect to

the purchase of the capital stock of the corporation, or to any agency relating to its purchase. See also *L. A. Young Spring & Wire Corp. v. Falls,* 307 *Mich.* 69, 11 *N.W.2d* 329; *Nicolai v. Desilets,* 185 *Wash.* 435, 55 *P.2d* 604; 16 *R.C.L.* 904.

The general rule with respect to the rights and duties of a fiduciary appears in the *Restatement of the Law of Restitution* (§ 200, *Comment a*):

"A fiduciary is subject to a duty to the beneficiary not to use on his own account information confidentially given him by the beneficiary or acquired by him during the course of or on account of the fiduciary relation or in violation of his duties as fiduciary, in competition with or to the injury of the beneficiary, although such information does not relate to the transaction in which he is then employed, unless the information is a matter of general knowledge * * *."

The acquisition of its own capital stock is not ordinarily an essential corporate function, 3 *Fletcher Cyc. Corp.* 777; *Adams v. Mid-West Chevrolet Corp.,* 198 *Okl.* 461, 179 *P.2d* 147, 175 *A.L.R.* 554; *Chenery, Corp. v. Securities and Exchange Commission,* 75 *U.S.App.D.C.* 374, 128 *F.2d* 303, and in the absence of special circumstances, corporate officers and directors may purchase and sell its capital stock at will, and without any liability to the corporation. Ordinarily an employee has the same rights. But if for some reason the corporation secretly intends to purchase large blocks of its capital stock in the market, and an employee acquires that knowledge in the course of his employment, the application of general principles would seem to require the conclusion that he cannot use that information for his own personal gain. *Cf. Nicolai v. Desilets, supra; du Pont v. du Pont, (D.C.)* 242 *F.* 98.

Kennedy claims that in any event no cause of action is alleged against him because it does not appear that the corporation suffered any loss through his purchase of its stock. The complaint alleges that Kennedy and other defendants used confidential and secret information "to their own ad-

vantage and to the detriment of Cities Service by acquiring shares in advance for their personal accounts * * * and selling said shares at profits resulting from the aforementioned rise of the market price incident to the purchase by Cities Service." Loss or damage to the corporation cannot be inferred from these general and indefinite allegations. The mere statement that Kennedy acquired stock and that its acquisition was "to the detriment" of the corporation is not enough. But that conclusion does not determine the case. In equity, when the breach of a confidential relation by an employee is relied on and an accounting for any resulting profits is sought, loss to the corporation need not be charged in the complaint. *Cf. Loft, Inc. v. Guth,* 23 *Del. Ch.* 138, 2 *A.* 2d 225; *affirmed, Guth v. Loft, Inc.,* 23 *Del.Ch.* 255, 5 *A.2d* 503; *Lutherland, Inc. v. Dahlen, et al.,* 357 *Pa.* 143, 53 *A.2d* 143; *L. A. Young Spring & Wire Corp. v. Falls, supra; Ballantine's Problems of Law,* 351. Public policy will not permit an employee occupying a position of trust and confidence toward his employer to abuse that relation to his own profit, regardless of whether his employer suffers a loss. *Cf. Loft, Inc. v. Guth, supra; Guth v. Loft, Inc., supra.*

Neither *E. I. Du Pont de Nemours Powder Company v. Masland, supra,* nor *Essex Trust Company v. Enwright, supra,* supports the contention that loss to the corporation must appear.

While the confidential relation principle was applied to certain corporate employees, different remedies based on different facts were sought. In the *E. I. Du Pont de Nemours Powder Company,* case, the use of the company's trade secrets by a former employee was enjoined. In the *Essex Trust Company* case, a newspaper reporter who learned by eavesdropping that his employer wished to renew the lease of the property in which its business was being conducted secretly acquired the lease for himself and was held to be a constructive trustee. The information

acquired and used by the employee had no connection with his duties as a newspaper reporter. See also *Restatement, Restitution,* § 200, *Comment a, supra.*

When, therefore, a person "in a confidential or fiduciary position, in breach of his duty, uses his knowledge to make a profit for himself, he is accountable for such profit * * *." *Scott on Trusts,* § 505.1, *supra.*

Kennedy's motion to dismiss the complaint is denied and an order will be entered accordingly.