**John W. DAVIDGE, Jr., as Trustee of Farrington Manufacturing Company, Plaintiff,**

**v.**

**Norville E. WHITE, Defendant.**

**No. 72 Civ. 4333.**

United States District Court, S. D. New York.

June 18, 1974.

Anthony F. Phillips, Willkie, Farr & Gallagher, New York City, Calvin H. Cobb, Jr., Steptoe & Johnson, Washington, D. C., for plaintiff.

Harvey M. Spear, Donald S. Bab, Spear & Hill, New York City, Richard E. Hodge, Hodge, Hodges & Martin, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

STEWART, District Judge:

Plaintiff John W. Davidge, a District of Columbia resident and reorganization trustee of the Farrington Manufacturing Company ("FMC" or "the company"), brings this action seeking to recover for the company profits allegedly illegally made from the sale of FMC stock in the Fall of 1969 by the defendant Norville E. White, a resident of Connecticut. The complaint alleges, in separate counts based on the same facts, violations of federal [1] and state securities laws.

---

1. Sections 5, 12(2) and 17(a) of the Securities Act of 1933, as amended, ("the 1933 Act") 15 U.S.C. §§ 77e, 77l(2), 77q(a); Section 10(b) of the Securities Exchange Act of 1934, ("the 1934 Act") 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.-10b-5, promulgated thereunder.

■ The defendant has moved to dismiss the complaint, pursuant to Rule 12(b), Fed.R.Civ.P., for failing to state a claim upon which relief can be granted or for improper venue and, if complete dismissal is denied, for a more definite statement under Rule 12(e), Fed.R.Civ. P. For purposes of the motion to dismiss, the well-pleaded material allegations of the complaint must be taken as admitted. *E. g.* United States v. New Wrinkle, Inc., 342 U.S. 371, 376, 72 S.Ct. 350, 96 L.Ed. 417 (1952); Vine v. Beneficial Finance Co., 374 F.2d 627, 632–633 (2d Cir. 1967).

The complaint alleges that the defendant was a director of FMC from August, 1961 through October 23, 1969 and an officer of the company during much of that time; that on October 23, 1969, the defendant retired as an officer and director of the company, but continued on as a paid consultant to FMC from that time through 1970; that from September 23, 1969 through November 12, 1969, the defendant knew, or should have known, certain specified material adverse financial information about FMC which was either not publicly disclosed at all or publicly disclosed in a misleading fashion, that is, in a manner which minimized or negated the adverse significance of such information; and that from September 23, 1969 through November 12, 1969, while in possession of this non-public material adverse information the defendant engaged in a number of private securities transactions involving FMC stock, including the sale of an aggregate of over 78,000 shares of stock for a consideration of almost $1.4 million. Count one charges that these facts constitute a violation of the federal securities statutes (n. 1 *supra*). Count two charges that the facts constitute a common law breach of the defendant's fiduciary duty to FMC to refrain from making a personal profit through the use of material inside information.

*Motion to Dismiss Count One (the "federal count")*

The defendant moves to dismiss the federal count on the grounds, *inter alia,* that the plaintiff does not allege facts sufficient to give him standing to sue for damages under any of the federal statutory provisions, (*see* n. 1. *supra*) in that neither the plaintiff nor the company he represents were alleged to be defrauded purchasers or sellers of the securities. The defendant cites to the statutes and a long and consistent series of cases in this Circuit for the proposition that a federal private cause of action for damages is impliedly granted only to defrauded purchasers under those provisions of the 1933 Act, and only to defrauded purchasers or sellers under § 10(b) of the 1934 Act.[2]

The plaintiff does not dispute that neither he nor the company were defrauded purchasers or sellers of FMC stock in the transactions in question. The plaintiff also cannot dispute that if the purchaser-seller requirement of *Birnbaum* and the subsequent cases remains viable and applies to this case, the complaint must be found to fail to state a federal claim for relief.

Plaintiff stakes his federal claims on the propositions that either the *Birnbaum* purchaser-seller requirement has been implicitly overruled by the Supreme Court in Superintendent of Insurance v. Bankers Life & Casualty Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971) or, alternatively, that the rationale of the Second Circuit in the *Texas*

---

2. Under the 1933 Act: 15 U.S.C. § 77*l*, Schoenbaum v. Firstbrook, 268 F.Supp. 385 (S.D.N.Y.1967) aff'd. 405 F.2d 200 (2d Cir. 1968) rev'd. on other grounds 405 F.2d 215 (2d Cir. 1968) (en banc) cert. denied sub nom. Manley v. Schoenbaum, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969). Under the 1934 Act: Haberman v. Murchison, 468 F.2d 1305 (2d Cir. 1972); Iroquois Industries Inc. v. Syracuse China Corp., 417 F.2d 963 (2d Cir. 1969); Birnbaum v. Newport Steel Corp. ("Birnbaum"), 193 F.2d 461 (2d Cir.) cert. denied 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).

*Gulf Sulphur* litigation[3] makes application of the requirement inappropriate in this case. For the reasons stated hereafter, we are unpersuaded by either of these contentions, and thus, grant defendant's motion to dismiss the federal count.

Despite some language in the opinion which might be read to liberalize the definition of a "sale", the Supreme Court in *Bankers Life, supra,* did not overrule, implicitly or otherwise, the purchaser-seller requirement for a private cause of action for damages under § 10(b) of the 1934 Act. Subsequent to that case and to the Second Circuit's final word in *Texas Gulf Sulphur,* 446 F. 2d 1301 (2d Cir. 1971), this Circuit has repeatedly recognized the continuing vitality of that requirement. International Controls Corp. v. Vesco, 490 F.2d 1334 (2d Cir. 1974) cert. denied —— U.S. ——, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974); Haberman v. Murchison, 468 F.2d 1305, 1311 n. 5 (2d Cir. 1972).

Plaintiff argues that Texas Gulf Sulphur extended to an action under § 10(b) and Rule 10b-5 the remedy—return to the corporation of illegally attained profits—previously granted for violations of § 16(b) of the 1934 Act,[4] and that therefore a plaintiff representing the corporation ought to be able to maintain a cause of action under § 10(b), despite failure to meet the purchaser-seller requirement. This argument misses the point. The availability of a certain remedy under a specific statutory provision may or may not be relevant to an individual's standing to sue under that provision. In this case, the question of remedies under § 10(b)

and § 16(b) is distinct from, and not directly relevant to the question of standing to bring suit under those provisions. As the Second Circuit said in *Birnbaum*:

"When Congress intended to protect the stockholders of a corporation against a breach of fiduciary duty by corporate insiders, it left no doubt as to its meaning. Thus Section 16(b) of the Act of 1934, 15 U.S.C.A. § 78p(b), expressly gave the corporate issuer or its stockholders a right of action against corporate insiders using their position to profit in the sale or exchange of corporate securities. The absence of a similar provision in Section 10(b) strengthens the conclusion that that section was directed solely at that type of misrepresentation or fraudulent practice usually associated with the sale or purchase of securities rather than at fraudulent mismanagement of corporate affairs, and that Rule X–10B–5 extended protection only to the defrauded purchaser or seller." 193 F.2d at 464.

In short, we find that the purchaser-seller requirement of *Birnbaum* and its progeny remains "alive and well" as to private causes of action for damages under § 10(b) of the 1934 Act. As noted earlier, this requirement bars plaintiff Davidge, admittedly not a defrauded purchaser or seller, from maintaining an action under that provision.

The requirement that a plaintiff bringing suit under §§ 5, 12(2) and 17(a) of the 1933 Act be a defrauded purchaser of securities is perhaps even more clearly established both by the terms of the statute,[5] and the case law.

---

3. *See especially* S. E. C. v. Texas Gulf Sulphur Co., 312 F.Supp. 77 (S.D.N.Y.1970) aff'd in pertinent part 446 F.2d 1301 (2d Cir.) cert. denied 404 U.S. 1005, 92 S.Ct. 561, 30 L.Ed. 2d 558 (1971).

4. 15 U.S.C. § 78p(b).

5. *E. g.* Section 12 of the 1933 Act which, *inter alia,* provides a civil remedy for violations of Section 5 of that Act, reads:
Any person who—

(1) offers or sells a security in violation of section 77e of this title, or
(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact nec-

Schoenbaum v. Firstbrook, *supra* n. 2; Greater Iowa Corp. v. McLendon, 378 F. 2d 783, 790–791 (8th Cir. 1967); *See* Surowitz v. Hilton Hotels Corp., 342 F. 2d 596, 603 (7th Cir. 1965) rev'd on other grounds, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966); Slavin v. Germantown Fire Ins. Co., 174 F.2d 799 (3rd Cir. 1949).

Since plaintiff Davidge does not meet the requirements for a plaintiff under § 10(b) of the 1934 Act ·or §§ 5, 12(2) and 17(a) of the 1933 Act, count one of the complaint must be dismissed for failure to state a claim upon which relief can be granted.

*Motion to Dismiss Count Two (the "state count")*

The defendant also moves to dismiss the state count for failing to state a claim upon which relief can be granted or, alternatively, for improper venue. For reasons set forth hereafter, we deny defendant's motion to dismiss for failing to state a claim, and hold in abeyance the motion to dismiss for improper venue, pending the submission of certain affidavits enumerated below.

*Failure to State a Claim*

■■■ While there is some small dispute between the parties, it is well-settled that where, as here, federal jurisdiction is based on diversity of citizenship, the federal court must apply the choice-of-law rules prevailing in the state in which it sits, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) and that the New York choice-of-law rules indicate that the Court must apply the

law of the state of incorporation to determine the existence and extent of corporate fiduciary obligations and liability for violations. Diamond v. Oreamuno, 24 N.Y.2d 494, 301 N.Y.S.2d 78, 248 N. E.2d 910 (1969); Gildenhorn v. Lum's Inc., 335 F.Supp. 329 (S.D.N.Y.1971) rev'd on other grounds sub nom., Schein v. Chasen, 478 F.2d 817 (2d Cir. 1973).

The state of incorporation of FMC is Delaware, and, the parties agree, the Delaware law of fiduciary obligations is embodied in Brophy v. Cities Service Co., 31 Del.Ch. 241, 70 A.2d 5 (1949). In *Brophy*, a stockholder's derivative action was sustained against an employee of the corporation who, by virtue of his position as confidential secretary to one of the directors, attained access to non-public information (i. e. when the corporation was going to make large purchases of its own stock) which enabled him to purchase the company's stock just before the price rose, and sell it at a profit immediately thereafter. The court held. that this defendant, although not a director, was in a position to acquire non-public information, and thereby analogous to a fiduciary. As such, he had a duty not to use for personal gain information acquired during the course of, or on account of, this fiduciary relationship. Where he did so, a complaining plaintiff could successfully sue, representing the corporation, but without the necessity of alleging direct loss to the corporation, and the proper relief would include requiring the defendant to account, as a constructive trustee, to the corporation for his profits.

■ Taking plaintiff's well-pleaded allegations as true, he has stated a cause of action under *Brophy*.[6] Representing

essary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable *to the person purchasing such security* from him, who may sue either at

law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security. (emphasis added) 15 U.S.C. § 77*l*.

6. Our disposition of this motion would be no different were we to apply substantive New York law as contained in Diamond v. Orea-

the company, he sues the defendant White for the profits the defendant allegedly made because of his knowledge of material non-public financial information which he had access to as a result of his position as a fiduciary—as officer and director of the company.

The defendant's attempts to distinguish *Brophy* on the facts are unsuccessful. Much is made of the fact that the defendant in *Brophy* was an employee during the entire time he was involved in the illegal stock transactions, whereas the defendant White resigned as an officer and director prior to making the bulk of the sales alleged in the complaint. This distinction is illusory; and even if it were not so, it would have little relevance to the legal obligations of a fiduciary. First, many of the defendant's transactions in FMC stock are alleged to have occurred prior to his resignation as officer and director on October 23, 1969. Second, it is alleged that he remained a paid employee of the company following his resignation as director and continued as such during the entire period he was allegedly engaged in illegal stock transactions. Finally, and most important, it would be illogical to hold that one who gains confidential information by virtue of his fiduciary capacity, and thereby incurs a fiduciary duty not to profit from such information, is absolved of this duty on the day after his formal resignation as director. As long as the information upon which the defendant, as former insider, is trading, remains confidential or un-disclosed to the public, the defendant, as we read Delaware law, has a duty not to personally profit from this information.

The defendant also argues in his motion to dismiss that this case differs from *Brophy* in that here the information which the defendant was privy to, and based upon which he engaged in FMC stock transactions, was not secret, but rather was made public by a Prospectus filed on September 10, 1969 prior to any of the allegedly illegal transactions. The defendant's attempt to plead full public disclosure of financial data prior to his trading in FMC stock raises an issue more appropriate for a defense on the merits than on a motion to dismiss.[7] Defendant attempts to circumvent this obvious problem by claiming that the plaintiff vouched for, and thereby pleaded, the adequacy and accuracy of the Prospectus in his complaint.[8] A fair reading of the complaint, and particularly page 6, paragraph 14 of Exhibit B[9] appended to, and adopted by it, reveals that plaintiff has not at all pleaded the adequacy and accuracy of the September 10 Prospectus, but rather has alluded to it only in one very narrow context. In addition, plaintiff sufficiently pleads that the defendant had, and acted upon, material non-public information other than that contained in the Prospectus.

Defendant further contends that the allegations of financial data known to the defendant, and not disclosed during his sales of FMC stock were merely the basis for speculative judgments, and not

---

muno, *supra* and Schein v. Chasen, 478 F.2d 817 (2d Cir. 1973) remanded for certification to the Supreme Court of Florida sub nom., Lehman Bros. v. Schein, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974).

7. While we could, under Rule 12(b), give consideration to the Prospectus as part of a motion for summary judgment, such consideration would likely raise genuine issues of fact which would make summary judgment inappropriate.

8. Defendant's Reply Memorandum, p. 17.

9. "14. No disclosure was made in the interim financial report to shareholders furnish-ing the results of operations for the second and third quarters or in the press release announcing such results that the company had been notified by Arthur Young & Company that its present accounting system was outdated, not under proper control and not providing accurate interim earnings statements. Nor was there any disclosure as to the probability of inventory adjustment *such as contained in the company's prospectus dated September 10, 1969.*" (emphasis added) Letter dated June 30, 1972 from plaintiff Davidge to defendant White.

the type of concrete information, such as an impending large purchase of stock, required to be disclosed by *Brophy*. We disagree. Taking plaintiff's allegations as true, there are several items of concrete information which might be found to have required disclosure,[10] and thus plaintiff's second count must survive the dismissal motion.[11]

■ We also disagree with the defendant's motion that because FMC itself did not make the alleged material information public, FMC is *in pari delicto* with the defendant, and thus barred from recovering through its representative. On this theory, the corporations in *Brophy* and *Diamond,* Cities Service Co. and Management Assistance, Inc. respectively, would also have to have been considered *in pari delicto,* having had nonpublic knowledge of, in the former case, its intention to purchase its own shares, and in the latter, sharply increased expenses. However, the corporation cannot be deemed jointly liable simply for keeping certain financial data confidential. The common law violation lies not simply in the keeping of confidential information but rather in the making of personal profit as a result of being privy to such information. *Brophy,* 70 A.2d at 8. Such violation is adequately pleaded here, and there is presently no question of joint liability by FMC.

### Improper Venue

Defendant's motion to dismiss count two for improper venue presents a more difficult question. Title 28 United States Code, Section 1391(a) is, by virtue of our dismissal of the federal count, *supra,* the only operative venue provi-sion. That section provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, . . . be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

■ Neither "all plaintiffs" nor "all defendants" reside in the Southern District of New York; therefore unless this District is the one "in which the claim arose", venue is improper. The complaint offers little guidance in this determination. Aside from one summary allegation that "Plaintiff's claim is for recovery of funds obtained by Defendant from certain stock transactions occurring in the Southern District of New York," there are no factual allegations either in the complaint or in any affidavits by the plaintiff which permit a determination that plaintiff's claim arose in this District. Since we are presented here with parties and transactions which are scattered among several districts, it is especially important to pinpoint the location of each party and each transaction in making a determination of just where the "claim arose." Therefore, we will hold in abeyance defendant's motion to dismiss for improper venue and require both parties to file within 30 days of the filing of the Order herein, sworn factual affidavits which go to the question of venue, and more particularly to where the various transactions occurred.[12] 2A Moore's Federal Practice ¶ 12.14 at p. 2335–6.

### Motion for a More Definite Statement

■ Since we have not now completely granted defendant's motion for

---

10. Such items include, but are not limited to: the inability of FMC to obtain its required leasing in August 1969 and the prospective inability of FMC to repay 3.77 million dollars on its convertible debentures.

11. A motion to dismiss under Rule 12(b)(6) must be denied "if under any reasonable reading, the complaint states a claim upon which relief can be granted." Kurzweg v. Hotel St. Regis Corp., 309 F.2d 746, 747 (2d Cir. 1962).

12. The issue of venue must be determined under federal law. Murphree v. Mississippi Publishing Corp., 149 F.2d 138, 140 (5th Cir. 1945) aff'd 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); Rosen v. Savant Instruments, Inc., 264 F.Supp. 232 (E.D.N.Y. 1967); Fox-Keller, Inc. v. Toyota Motor Sales, U.S.A., Inc., 338 F.Supp. 812, 816 (E.D.Pa.1972).

dismissal of the complaint, we must consider defendant's motion, under Rule 12(e), Fed.R.Civ.P., for a more definite statement of the substantive allegations. This motion is denied; the details requested may, to the extent appropriate, be obtained by discovery. 2A Moore's Federal Practice ¶ 12.18 at pp. 2389–2396. Fairmont Foods Co. v. Manganello, 301 F.Supp. 832, 839 (S.D.N.Y.1969).