**SAFECARD SERVICES, INC.,**
**a Delaware corporation,**
**Appellant (Plaintiff),**

v.

**Peter A. HALMOS, a Florida resident,**
**Appellee (Defendant).**

**No. 95–159.**

Supreme Court of Wyoming.

March 14, 1996.

Rehearing Denied April 2, 1996.

John B. "Jack" Speight and Rick A. Thompson of Hathaway, Speight & Kunz, Cheyenne, and David M. Wells and William W. Deem of Mahoney, Adams & Criser, P.A., Jacksonville, Florida, for Appellant.

Carl L. Lathrop, J. Kent Rutledge and Corinne E. Rutledge of Lathrop & Rutledge, Cheyenne, Jeffrey M. Wagner, Wilmette, Illinois; and James F. Neal, Aubrey B. Harwell, Jr. and James G. Thomas of Neal & Harwell, Nashville, Tennessee, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

We are asked to review the grant of a motion for partial summary judgment in an insider trading case. The district court concluded there were no material issues of fact in dispute and appellant's claim was time barred. We find that material issues of fact remain in dispute and the moving party was not entitled to judgment as a matter of law.

Reversed and remanded.

## I. ISSUES

Appellant states the issues:

1. Whether the District Court erred in applying the shorter, three year statute of limitations of the State of Delaware to bar SafeCard's claim rather than the four year statute of limitations of the State of Florida, under which SafeCard's claims would not be barred, despite determining that at all material times the parties were in Florida, that the conduct at issue occurred in Florida, and that the cause of action being sued upon arose in Florida.

2. Whether the District Court erred in determining that SafeCard's cause of action accrued and the limitations period began to run on February 9, 1990, despite substantial evidence from which a jury could conclude that SafeCard did not then know of critical facts giving rise to its cause of action, and despite evidence that defendant/appellee Halmos had engaged in various subterfuges to conceal those facts.

3. Whether the District Court erred in refusing to apply the doctrine of adverse domination to toll the statute of limitations where the record is replete with evidence that Halmos routinely dominated Safe-Card's Board of Directors and wholly controlled the company's affairs until well within the limitations period.

Appellee states the issues:

1. Whether the District Court was correct in ruling that although Plaintiff's cause of action arose in Florida within the meaning of Wyoming's borrowing statute, the Delaware statute of limitations governs because a Florida court would have chosen that limitations period, had this case been brought in Florida.

2. Whether SafeCard's cause of action accrued no later than February 9, 1990, when the Company's Board of Directors signed a public document disclosing the same core of insider trading allegations against Mr. Halmos that SafeCard is now pursuing here.

3. Whether the District Court correctly concluded that there is no genuine issue of material fact concerning the applicability of the "adverse domination" tolling doctrine when SafeCard failed to come forward with any evidence relating Mr. Halmos's alleged domination of the Board of Directors to the specific transaction at issue.

4. Whether this Court should pretermit deciding any of the preceding issues by holding that the *lex loci delicti* choice-of-law rule dictates the application of Florida substantive law, which could compel the dismissal of SafeCard's insider trading allegations for failure to state a claim for relief under that State's law.

## II. FACTS

Peter Halmos (Halmos) founded SafeCard Services, Inc. (SafeCard) in 1969 and participated in the management of the company until late 1992. SafeCard's principal service is credit card loss notification through credit card registration. In 1983, SafeCard executed a contract with American Express Travel Related Service, Inc. (American Express) to provide its services to American Express. In 1985, Halmos became aware that the American Express account was in jeopardy since an American Express affiliate, First Data Resources, had begun its own credit card registry business. By April of 1986, Halmos learned that SafeCard would probably lose its American Express account. From November of 1985 until March of 1987, Halmos did not reveal that the American Express account was at risk.

However, Halmos did not let this valuable information go to waste. Between November of 1985 and March of 1987, while serving as SafeCard's Chairman of the Board, Chief Executive Officer, and Secretary, Halmos sold 1,560,000 shares of SafeCard stock for prices ranging from $22.00 per share to $52.00 per share. The proceeds from the sales netted Halmos over $48 million dollars. On September 24, 1987, SafeCard publicly revealed that it would lose the American Express account. Following that revelation, the price of the stock fell from $18.00 per share to $10.00 per share.

In March of 1989, Thomas Wolfe and others filed a class action lawsuit against Safe-Card alleging insider trading on the part of Halmos and other executive officers. The complaint was amended in July of 1989 to include specific allegations detailing Halmos' role. On February 9, 1990, SafeCard's Board of Directors, which included Halmos, signed a Securities and Exchange Commission document known as a 10–K form in which the allegations contained in the Wolfe lawsuit were revealed. However, the 10–K form also indicated that if the Wolfe litigation survived SafeCard's and the executive officers' motion to dismiss, SafeCard and the executive officers would vigorously litigate the action.

SafeCard filed suit against Halmos on May 26, 1993 in the United States District Court for the District of Wyoming. Ultimately, suit was filed in state district court. The controlling date for the statute of limitations is May 26, 1993. The state district court granted Halmos' motion for partial summary judgment when it concluded that SafeCard's insider trading claims were time barred. The state district court reasoned that the claim could not have been filed any later than February 9, 1990, the date the Board of Directors signed the 10–K form in which the allegations of insider trading were revealed. SafeCard appeals the decision granting the motion for partial summary judgment.

## III. DISCUSSION

### A. STANDARD OF REVIEW

 Summary judgment is appropriate only if there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. *Kahrs v. Board of Trustees for Platte County School Dist. No. 1*, 901 P.2d 404, 406 (Wyo.1995). A fact is material if it establishes or refutes an essential element of a claim or defense. *Adkins v. Lawson*, 892 P.2d 128, 130 (Wyo.1995) (*quoting Thunder Hawk by and through Jensen v. Union Pacific Railroad Co.*, 844 P.2d 1045, 1047 (Wyo.1992)).

### B. BORROWING ANALYSIS

 The district court correctly interpreted Wyoming's borrowing statute as requiring the district court to apply Florida law as if it were a Florida court. *Duke v. Housen*, 589 P.2d 334, 345 (Wyo.), *cert. denied*, 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979). Further, the general rule is that the state of incorporation governs the existence and extent of corporate fiduciary obligations. *Hausman v. Buckley*, 299 F.2d 696, 703 (2nd Cir.), *cert. denied*, 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed.2d 286 (1962). Since SafeCard was incorporated in Delaware, a Florida court would have applied Delaware law. Thus, Delaware law will be applied in determining the validity of these claims. *Duke*, 589 P.2d at 345. Consequently, we must apply Delaware's three year statute of limitations, as did the district court. *Id.* However-

er, we must "consider not only the borrowed limitation of action statute itself, but also any applicable tolling * * * as well as pertinent court cases." *Id.*

### C. ISSUES OF MATERIAL FACT

 In Delaware, a corporate fiduciary who engages in wrongful self-dealing will be denied the protection of the statute of limitations. *Kahn v. Seaboard Corp.*, 625 A.2d 269, 276 (Del.Ch.1993); *Bovay v. H.M. Byllesby & Co.*, 27 Del.Ch. 381, 38 A.2d 808, 820 (1944). Further, any profits gleaned from such improper self-dealing may be recovered by the corporation, and the corporation need not plead a loss of profits in its complaint. *Brophy v. Cities Service Co.*, 31 Del.Ch. 241, 70 A.2d 5, 8 (1949). The modern version of the *Bovay* rule contains a discovery element. *In re MAXXAM, Inc.*, 659 A.2d 760, 769 (Del.Ch.1995). Thus, in Delaware, the statute of limitations will be tolled in derivative actions charging actionable self-dealing until such time as shareholders knew or should have known of facts constituting a legal wrong. *Id.* We believe the same rule applies to a *Brophy* claim filed by the corporation in an attempt to recover ill gotten gains from a corporate fiduciary.

 Application of the *Bovay* rule to the statute of limitations in a case such as this one, where the corporation files suit against a corporate fiduciary, requires an answer to the question of whether the corporation knew or had reason to know that a legal wrong had been committed against it, an inquiry which is a question of fact for a jury. *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla.1995) (discussing the discovery rule and the doctrine of adverse domination). Although Delaware has not yet confronted this issue, we believe that the best legal framework under which to analyze the question is the doctrine of adverse domination. Under that theory, the statute of limitations is tolled so long as there is no one who knows of and is able and willing to redress the misconduct of the corporate fiduciary who is committing the legal wrong against the corporate plaintiff. *Clark v. Milam*, 192 W.Va. 398, 452 S.E.2d 714, 720 (1994). The fact that the

Board of Directors insisted SafeCard vigorously litigate the Wolfe case, rather than redress Halmos' misconduct, supports SafeCard's claim that Halmos was dominating the Board of Directors at that time. If no one on SafeCard's Board of Directors was able and willing to redress Halmos' misconduct as of February 9, 1990, then the statute of limitations was tolled at that time.

Thus, important questions of material fact remain. Whether Halmos engaged in wrongful self-dealing and whether SafeCard's Board of Directors was dominated by Halmos as of May 26, 1990 are material questions of fact which must be resolved. *Resolution Trust Corp.*, 901 P.2d at 813. The facts are material because their resolution will establish or refute Halmos' statute of limitations defense. *Adkins*, 892 P.2d at 130 (*quoting Thunder Hawk by and through Jensen*, 844 P.2d at 1047). The question of whether Halmos engaged in fraudulent self-dealing and the question of when and if he dominated SafeCard's Board of Directors are factual considerations most appropriately determined by a properly instructed jury.

## IV. CONCLUSION

The district court correctly applied Wyoming's borrowing statute in concluding that Florida would in turn borrow the statute of limitations and the substantive law in this case from Delaware. However, the district court erred in concluding that the doctrine of adverse domination did not apply and in not applying Delaware's law which treats wrongful self-dealing as a tolling mechanism. Whether SafeCard's Board of Directors was dominated by Halmos and, if so, when and whether Halmos engaged in wrongful self-dealing in violation of his trust as a corporate fiduciary are disputed questions of material fact which must be submitted to a jury. This case is reversed and remanded for further proceedings consistent with this opinion.