# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE ORBIT/FR, INC. | ) | |
| STOCKHOLDERS LITIGATION | ) | C.A. No. 2018-0340-SG |

## MEMORANDUM OPINION

Date Submitted: October 26, 2022
Date Decided: January 9, 2023

A. Thompson Bayliss, E. Wade Houston, and G. Mason Thomson, of ABRAMS & BAYLISS LLP, Wilmington, Delaware, *Attorneys for Plaintiff AB Value Partners, L.P.*

Ashley R. Altschuler, Ethan H. Townsend, Harrison S. Carpenter, and Kevin M. Regan, of MCDERMOTT WILL & EMERY LLP, Wilmington, Delaware, *Attorneys for Defendants Microwave Vision S.A., Phillippe Garreau, and Arnaud Gandois*.

Daniel M. Silver, Benjamin A. Smyth, and Travis J. Ferguson, of McCARTER & ENGLISH, LLP, Wilmington, Delaware, *Attorneys for Defendant Douglas Merrill*.

Henry E. Gallagher Jr and Shaun Michael Kelly, of CONNOLLY GALLAGHER LLP, Wilmington, Delaware, *Attorneys for Defendant Per Iversen*.

**GLASSCOCK, Vice Chancellor**

Before me is an unusual motion to dismiss.[1]  Unusual, in that it comes after years of litigation.  And unusual, in that it seeks to dismiss a claim that is not actually pled.  The Plaintiff is a former stockholder (and representative of a putative class of such stockholders) of a Delaware corporation.  The minority stockholders were squeezed out in a controller acquisition.  Resulting is an entire fairness review.  The Plaintiff has filed an amended complaint, to add an allegation that among the assets of the corporation at the time of the merger was an inchoate claim for breach of duty against the controller and the board, which should be accounted for in the entire fairness analysis.  The Defendants, in their motion, seek to characterize this as a *Primedia*[2] claim; having done so, they seek to dismiss it.  But the alleged pre-existing breach of duty claim is not a derivative cause of action acquired by a third-party buyer, *a la Primedia*.  It is a component of a straightforward entire fairness analysis of the price and process of the acquisition.  The motion to dismiss, accordingly, is denied, for reasons that follow.

---

[1] Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss Verified Substitute Class Action Compl., Dkt. No. 153; Def. Per Iversen's Mot. Dismiss Verified Substitute Class Action Compl., Dkr. No. 154; Def. Douglas Merrill's Mot. Dismiss, Dkt. No. 151.  This Memorandum Opinion assesses only the defenses put forward in Opening Br. Supp. Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss Verified Substitute Class Action Compl., Dtk. No. 153.  Those defenses set out in Douglass Merril's opening brief in support of his motion to dismiss will be assessed separately.  *See* Opening Br. Supp. Def. Douglas Merrill's Mot. Dismiss, Dkt. No. 152.
[2] *In re Primedia, Inc. Shareholders Litigation*, 67 A.3d 455 (Del. Ch. 2013).

# I. BACKGROUND

This litigation is a putative class action by a former stockholder of a Delaware corporation, Orbit/FR, Inc. ("Orbit").[3] From 2008 through 2018, the controller and holder of a majority of Orbit stock was a French company, currently known as Microwave Vision, S.A. ("Micro" or the "Controller").[4] In April 2018, the minority stockholders were squeezed out in a merger, in which Micro acquired Orbit.[5] A former stockholder, Minerva Group, LP ("Minerva"), brought an action challenging the fairness of the merger.[6] The matter withstood a motion to dismiss.[7] Eventually, the parties reached an agreement and proposed a settlement, including cash consideration to be paid to minority stockholders.[8]

Current Plaintiff, AB Value Partners, L.P. ("Partners") objected to the settlement and sought to take over the litigation from Minerva.[9] Partners was the largest minority blockholder of Orbit, and held a majority of the minority stock prior to the merger.[10] After consideration of the proposed settlement and the objection, I allowed Partners to assume lead-plaintiff status and continue the

---

[3] Unless otherwise noted, the facts referenced in this letter are drawn from the Verified Substitute Class Action Complaint and the documents incorporated therein. *See generally* Verified Substitute Class Action Compl., Dkt. No. 145.

[4] *Id.* ¶ 7.

[5] *Id.* ¶ 1.

[6] *See* Verified Class Action Compl., Dkt. No. 1.

[7] Tr. Oral Arg. Defs.' Mots. Dismiss 60:20–65:6, Jan. 8, 2019, Dkt. No. 36.

[8] Stipulation of Compromise, Settlement, and Release, Dkt. No. 86.

[9] AB Value's Br. Obj. Proposed Settlement 26, Dkt. No. 106.

[10] *See* Letter to The Honorable Sam Glasscock III from A. Thompson Bayliss 1, Ex. 1, Dkt. No. 97.

litigation upon the posting of a bond representing the cash component of the proposed settlement together with Minerva's attorneys' fees and costs requested in connection with the proposed settlement.[11]  I held that Partners could file an amended complaint, asserting certain elements of the purportedly unfair nature of the transaction, without prejudice to the right of the Defendants (Micro and certain Orbit fiduciaries) to oppose any amendment under Rule 15.[12]  Partners filed the required bond,[13] as well as an amended complaint styled the Substitute Complaint (the "SC").[14]  The Defendants have moved to dismiss the SC,[15] as out of compliance with Rule 15, as barred by laches, and for failure to state a claim.[16]

## II. ANALYSIS

### A. *Laches and Rule 15*

Regarding the laches/Rule 15 argument, the Defendants, in briefing and oral argument, have clarified that they do not necessarily believe the matter should be

---

[11] Tr. Telephonic Settlement Hr'g 4:21–8:1, Dec. 21, 2021, Dkt. No. 135.

[12] *See* Tr. Teleconference Regarding Proposed Form Order Appointing AB Value Lead Pl. 15:3–16:7, Apr. 7, 2022, Dkt. No. 141.

[13] *See* Letter to The Honorable Sam Glasscock III from E. Wade Houston Regarding Completion of Escrow Deposit, Dkt. No. 136.

[14] *See* Verified Substitute Class Action Compl., Dkt. No. 145.

[15] Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss Verified Substitute Class Action Compl., Dkt. No. 153;  Joinder Def. Per Iversen to MVG Defs.' Br. Supp. Their Mot. Dismiss Verified Substitute Compl., Dkt. No. 154;  Def. Douglas Merrill's Joinder Supp. MVG Defs.' Mot. Dismiss, Dkt. No. 155.

[16] Opening Br. Supp. Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss the Verified Substitute Class Action Compl. 1–3, Dkt. No. 153.

dismissed entirely, but instead that Partners should be limited to litigating the old Minerva complaint, simply substituting Partners as lead plaintiff.[17] They allege that the SC states an "entirely new" complaint, since it raises allegations that the Controller had looted Orbit pre-merger, and then acted to extinguish the resulting inchoate litigation asset via the unfair merger.[18] I disagree that the gravamen of the SC is entirely new, however. Both the Minerva complaint and the SC state a single cause of action—that the merger was unfair in price and process. The additional facts alleged in the SC clarify one supposed asset, described above, that they characterize as unfairly valued; that does not change the nature of the claim. The claim in both complaints arises out of the merger, and thus the SC relates back to the time of filing of the Minerva complaint.[19] The new allegations create no unfairness to Micro or Orbit's former directors, Philippe Garreau, Per Iversen, Arnaud Gandois, and Douglas Merrill (collectively the "Director Defendants").[20] Accordingly, neither the strictures of laches nor Rule 15 bar Partners' claims.

---

[17] MVG Defs.' Reply Br. Supp. Their Mot. Dismiss Verified Substitute Class Action Compl. 2, Dkt. No. 178; Tr. Oral Arg. Re. Mot. Stay Disc. and Mot. Dismiss Verified Substitute Class Action Compl. 30:18–31:10, Oct. 26, 2022, Dkt. No. 189.
[18] *See* Opening Br. Supp. Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss the Verified Substitute Class Action Compl. 18–19, Dkt. No. 153.
[19] *See* Ct. Ch. R. 15(c) (allowing amendment where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading").
[20] Counsel for the Defendants was not able, in oral argument, to point to any prejudice other than that additional discovery would be required under the SC, but this effort would have been required if the SC had been the original complaint, so prejudice based on delay is not present here.

4

*B. Rule 12(b)(6)*

As stated above, the rest of the motion to dismiss, invoking failure to state a claim, is procedurally odd. Specifically, the motion seeks to "dismiss," or remove from the SC, allegations that Micro used its control to loot Orbit before the merger, then used the merger as a device to avoid liability, effectively destroying the value of an Orbit asset—the inchoate litigation claim Orbit had against Micro regarding the alleged looting.[21] The SC contends that a tool of looting was an agreement between Orbit and its controller, Micro (the "Management Agreement").[22]

The Defendants (and Plaintiff as well, in briefing) have treated these allegations as an attempt to state a so-called *Primedia* claim. But *Primedia*[23] does not fit this scenario. The question in *Primedia* was whether a litigation asset being pursued derivatively—a *Brophy*[24] insider trading claim against Primedia fiduciaries—was extinguished by sale of the company to a third party who had no

---

[21] Opening Br. Supp. Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Mot. Dismiss the Verified Substitute Class Action Compl. 23, 27–29, 32, Dkt. No. 153.

[22] Verified Substitute Class Action Compl. ¶ 4, Dkt. No. 145. The SC avers that Micro looted Orbit under the Management Agreement that renewed yearly from 2009 to 2018 and Micro failed to take these alleged breaches of fiduciary duty into account in valuation of the Merger. *Id.* Generally, the SC alleges that under the Management Agreement, Orbit paid for management services at excessive rates. The SC also alleges that the Orbit Board never considered alternatives to the Management Agreement even though that agreement renewed yearly.

[23] *Primedia*, 67 A.3d.

[24] *Brophy v. Cities Serv. Co.*, 70 A.2d 5 (Del. Ch. 1949).

5

interest in pursuing the claim and did not value it as an asset in the merger.[25]  The

*Primedia* court noted that corporate assets—like the derivative claim at issue—

passed to the buyer, extinguishing the derivative claim as such, but found that the

former derivative claim *could* be asserted by former stockholders as transmogrified

into a direct claim that the merger was unfair.[26]  The *Primedia* court imposed

appropriately stringent standards for such a proceeding, in light of the general rule

that the derivative asset had transferred to the acquiror, and was not retained by the

former stockholders.[27]

Here, there was no pending derivative action, or even a substantial threat of

litigation, as of the time of the merger.[28]  The Management Agreement features

heavily in the factual allegations of the SC, which suggests breaches of duty inhere

in the conduct of the controller pursuant to the Management Agreement.[29]  The

Defendants argue that, analyzed under the lens of *Primedia,* the allegations of the

---

[25] *See Primedia*, 67 A.3d at 476.

[26] *Id.* at 476–77.

[27] Under *Primedia*, pursuing the extinguished derivative claim directly, post close, requires a showing that: 1) the underlying claim was viable, 2) its value was material in light of the merger consideration, and 3) the buyer would be unwilling to pursue the claim and the company failed to receive value for the claim. *Id.* at 477;  *See Morris v. Spectra Energy Partners (DE) GP, LP*, 246 A.3d 121, 136 (Del. 2021) (holding that the "*Primedia* framework provides a reasonable basis to conduct a pleadings-based analysis to evaluate standing on a motion to dismiss.").

[28] However, in light of Partners' 2016 demand for documents, the Orbit board *was* on notice that Partners had concerns that transfers of funds under Management Agreement involved wrongdoing.  *See* Transmittal Aff. Ethan H. Townsend, Esquire to Defs. Microwave Vision S.A., Phillippe Garreau and Arnaud Gandois's Opening Br. Supp. their Mot. to Dismiss the Verified Substitute Class Action Compl. Ex. 2, Dkt. No. 153.

[29] *See generally* Verified Substitute Class Action Compl., Dkt. No. 145.

SC must be dismissed.  Specifically, the Defendants view these allegations as an attempt by Plaintiff to reify, post-merger under *Primedia*, an inchoate breach of duty claim existing pre-merger, and that was extinguished in the merger.  But this, in my view, is not the claim stated in the SC.  The Plaintiff has not attempted to state a *Primedia* claim, and the analysis by the court in *Primedia* is not applicable here.

This is an entire fairness case in which the controller stands on both sides. There are two counts in the SC, one against the controller and one against the Director Defendants, both alleging a single cause of action; that the merger was unfair in both price and process.[30]  Those counts are adequate to state a claim under the circumstances pled,[31] and are not seriously challenged by the Defendants.

A stand-alone breach of fiduciary duty claim concerning the Management Agreement was not filed here.  Instead, the Plaintiff's allegation is that the Controller, aided by the Director Defendants, effected an unfair merger.[32]  Among the allegations of the SC is that the Controller had systematically looted Orbit, creating a chose-in-action as an asset belonging to Orbit, for breach of fiduciary duty.  The Controller then purchased Orbit at an unfair price, in part because the

---

[30] *Id.* at ¶¶ 55–62.
[31] The merger was originally conceived subject to negotiation by a special committee and majority-of-the-minority approval; the latter condition was jettisoned once it became clear that such approval was not forthcoming.
[32] Verified Substitute Class Action Compl. ¶¶ 55–62, Dkt. No. 145.

controller bought out its own liability for no value.[33]  Whether such allegations are true, and to what extent they may be cognizable as indicia of unfairness of process or price, is a matter for this case on a record.  But to the extent the existence of a pre-merger litigation asset, held by Orbit, contributes to a finding of the unfairness of the merger, that unfairness is not extinguished via the merger; it is *created* by the merger.

The real relief the Defendants seek here appears to be a kind of backdoor protective order, foreclosing discovery based on a directive that no *Primedia* claim exists.  But such a limitation is not appropriate on a motion to dismiss.  I find that the allegations of the SC, sounding in entire fairness review, are sufficient to withstand a motion to dismiss.  Discovery pursuant to that review should proceed.

Because this matter has proceeded here as a motion to dismiss, I have not considered whether limitations to discovery regarding the purported litigation asset are appropriate.  Nothing in this decision precludes the Defendants from seeking a protective order, on grounds of relevance, proportionality, or otherwise, limiting discovery into the purported litigation asset.

To recapitulate succinctly: The Plaintiff has pled an adequate claim involving a controller transaction invoking entire fairness; the resulting review will assess fairness in light of *all* assets of the acquired entity; those assets are alleged

---

[33] *Id.* at ¶¶ 16–21, 39, 55–62.

to include a litigation asset, a chose-in-action based on prior breaches of duty by the controller; the viability and value of that and other assets of the acquired entity, and the fairness of the process, must be assessed on a record. Accordingly, the Defendants' motion must be denied.

## III.   CONCLUSION

For the reasons above, the Defendants' motion to dismiss is DENIED.[34]  To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

---

[34] *See supra* note 1.