**Alberto RIVERA, Plaintiff,**

v.

**POCAHONTAS STEAMSHIP COMPANY and Consolidation Coal Company, Defendants.**

**Civ. A. No. 70–385–J.**

United States District Court,
D. Massachusetts.

March 11, 1971.

Morris D. Katz, Michael B. Latti, Kaplan, Latti & Flannery, Boston, Mass., for plaintiff.

Leo F. Glynn, Boston, Mass., for defendants.

## OPINION

JULIAN, District Judge.

Plaintiff brings this action to recover damages for personal injuries suffered on the high seas. Plaintiff alleges that on March 11, 1967, while he was in the employ of defendants as a seaman on the SS CONSOLIDATION COAL, he suffered severe personal injuries which he alleges were caused by the defendants' negligence and/or the unseaworthiness of defendants' vessel.

Defendants, Pocahontas Steamship Company and Consolidation Coal Company, have brought a motion to dismiss on the ground that this Court lacks personal jurisdiction over the defendants. The case is considered on defendants' motion to dismiss.

Plaintiff's complaint alleges that defendants are Delaware corporations

which have principal places of business in Massachusetts. Defendants claim, however, that at the time this action was commenced, March 10, 1970, defendants were no longer doing business at all in the state of Massachusetts, and that therefore they are not subject to personal jurisdiction in the United States District Court for the District of Massachusetts.

Plaintiff has attempted to make service on defendants on two different occasions. On March 10, 1970, a copy of the summons and complaint was left on the counter in the office of Pocahontas Fuel Co., 211 Derby Street, Salem, Mass. The marshal's return also states, without elaboration, that "[a]nd thereafter on the same day and in the same manner I served the within named Consolidation Coal Company, by leaving a true and attested copy of this Summons together with copy of Complaint." Several months later plaintiff attempted to make service by serving the Secretary of State of the Commonwealth of Massachusetts. The Secretary of State is appointed as agent for purposes of service of process for foreign corporations doing business in Massachusetts. Mass.G.L. c. 181, §§ 3, 3A.

■ The burden is on plaintiff to establish that this Court has personal jurisdiction over defendants. Lizotte v. Canadian Johns-Manville Company, Ltd., 1967, 1 Cir., 387 F.2d 607. Aro Manufacturing Co., Inc. v. Automobile Body Research Corporation, 1965, 1 Cir., 352 F.2d 400, cert. denied, 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210.

■ The only evidence which plaintiff has introduced to show that defendant corporations were doing business in Massachusetts at the time this action was commenced is the affidavit of Morris D. Katz, attorney for the plaintiff. In this affidavit attorney Katz states that "according to the best of his knowledge, information and belief," at the time service was first attempted, on March 10, 1970, the name "Pocahontas Steamship Company" appeared on the door of the office at 207 Derby Street, in Salem, Mass.[1] The affidavit further states that as of May 6, 1970, Pocahontas Steamship Company was listed in the Salem telephone book, and that attorney Katz verified "that a telephone in the name of Pocahontas Steamship Company still remains and the said telephone number is 744–1460.

This is scant evidence to establish that defendants were doing business in Massachusetts at the time the action was commenced. Moreover, it is rebutted by the affidavit of defendants' attorney, Leo F. Glynn, which states "according to the best of his knowledge, information and belief" that at the time service of process was attempted, defendants were no longer doing business in Massachusetts, were not maintaining an office in Massachusetts, and were not in any way connected with or active in Massachusetts. Attorney Glynn states that the vessel SS CONSOLIDATION COAL was sold in October, 1969, and that all remaining employees moved to Pittsburgh, Pennsylvania, in October, 1969. The affidavit states further that no vessels owned by defendants called at Massachusetts after October, 1969. Implicit in the affidavit is the admission that defendants were doing business in Massachusetts in March, 1967, when the accident occurred.

Both affidavits are somewhat unsatisfactory, because it is not clear to what extent either is based on the personal knowledge of the affiant. The record is thus almost completely bare on the issue of personal jurisdiction.

Both parties, however, have had more than ample time in which to support their positions. The complaint was filed on March 10, 1970; defendants' motion

---

1. It is noted that the marshal's return of service states that the summons and complaint were left on the counter of Pocahontas Fuel Co., 211 Derby St., Salem, while the Katz affidavit refers to Pocahontas Steamship Co., 207 Derby St., Salem.

to dismiss was filed April 29, 1970, along with a supporting memorandum. The Glynn affidavit was filed April 30. On May 6, 1970, plaintiff filed an opposition to the motion to dismiss, together with the affidavit of attorney Katz. The marshal's first return of service was filed on June 17, 1970, and on the following day a second return of service was filed.

On June 19, 1970, defendants filed a supplemental memorandum in support of their motion to dismiss; plaintiff filed a supplemental memorandum in opposition on August 14. On September 21, 1970, a hearing was held on defendants' motion to dismiss and all parties were given a full opportunity to be heard. On October 23, 1970, a conference was held in which the Court stated that it did not have sufficient facts upon which to arrive at a decision on defendants' motion to dismiss. Plaintiff's attorney asked for additional time, and both sides were granted until November 30, 1970, to take such further action as was necessary to enable the Court to act on the motion to dismiss.

On November 19, 1970, plaintiff moved to extend the time in which to obtain further evidence on the motion to dismiss until December 23, 1970. The Court granted this motion on November 24. No further action was taken by plaintiff.

During all this time plaintiff made no attempt to present further evidence or to avail himself of the various discovery procedures on the issue of jurisdiction, despite the fact that the burden is on plaintiff to establish personal jurisdiction.

The Court finds that plaintiff has not shown that the defendants were doing business in Massachusetts at the time this action was commenced.

■ In his memoranda plaintiff makes an alternative argument for jurisdiction, relying on the Massachusetts "long-arm" statute. Mass.G.L. c. 223A. The plain words of the relevant section, Mass.G.L. c. 223A, § 3, specify that for the "long-arm" statute to confer jurisdiction over a person the cause of action must arise from the person's business or activity in Massachusetts.[2] Singer v. Piaggio & C. (s. p. a.), 1970, 1 Cir., 420 F.2d 679. Plaintiff relies on sections 3(c) and 3(e). As to the latter section, section 3(e)—"having an interest in . . . real property in this commonwealth"—it is clear from the statute that the cause of action must arise from the person's having an interest in real property in Massachusetts. Plaintiff does not allege, nor is there any evidence to show, that defendants' interest in real property in Massachusetts was in any way related to this cause of action.

■ As to section 3(c), "causing tortious injury by an act or omission in this commonwealth," plaintiff argues that since defendants admitted they were doing business in Massachusetts at the time the accident allegedly occurred (though not at the time the complaint was filed), the alleged negligence or failure to maintain the ship in seaworthy condition must therefore have occurred in Massachusetts. There is, however, no allegation in the complaint, nor

2. "3.

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

  (a) transacting any business in this commonwealth;

  (b) contracting to supply services or things in this commonwealth;

  (c) causing tortious injury by an act or omission in this commonwealth;

  (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

  (e) having an interest in, using or possessing real property in this commonwealth; or

  (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting."

is there any evidence to show, that the SS CONSOLIDATION COAL was ever in Massachusetts. The mere fact that defendants admitted doing business in Massachusetts at the time of the accident does not mean that the maintenance and operation of the SS CONSOLIDATION COAL was in any way related to defendants' business activities in Massachusetts. There is no allegation in the complaint, nor is there any evidence to show, that the alleged cause of action in any way resulted from anything defendants did or ought to have done in Massachusetts. Plaintiff has had ample time to establish some connection between the SS CONSOLIDATION COAL and defendants' activities in Massachusetts. Plaintiff has not done this, or even attempted to do it.

Accordingly, I find and rule that defendant corporations, Pocahontas Steamship Company and Consolidation Coal Company, are not subject to personal jurisdiction in the District of Massachusetts on the claim asserted in the complaint.

Defendants' motion to dismiss is granted. It is ordered that the complaint be dismissed for want of jurisdiction.