Kathleen McCLELLAN, Plaintiff,

v.

WOONSOCKET INSTITUTION FOR SAVINGS and Rhode Island Hospital Trust National Bank, Defendants.

Civ. A. No. 78–2180–C.

United States District Court,
D. Massachusetts.

March 16, 1979.

Paul J. O'Rourke, Boston, Mass., for plaintiff.

Brown, Rudnick, Freed & Gesmer, M. Frederick Pritzker, Boston, Mass., Merrill W. Sherman, Tobin, Le Roy & Silverstein,

Providence, R. I., for Woonsocket Inst. for Savings.

Peter H. Sutton, Cohn, Riemer & Pollack, Boston, Mass., for Rhode Island Hospital Trust.

## MEMORANDUM

CAFFREY, Chief Judge.

■ This is a civil action which was removed to this Court from the Norfolk County Superior Court pursuant to 28 U.S. C.A. § 1446(a). Plaintiff is a resident of Massachusetts. Defendants are banks with their principal place of business in the State of Rhode Island. The matter came before the Court on motion of defendant Rhode Island Hospital Trust National Bank to dismiss it on the basis of 12 U.S.C.A. § 94, which requires that a law suit be brought against a national bank in the state in which the national bank is located. In ruling on a motion to dismiss for lack of venue, it is proper for the Court to rely on affidavits to establish venue facts. *See Davidge v. White,* 377 F.Supp. 1084, 1090 (S.D.N.Y. 1974); *Fisher v. First National Bank of Omaha,* 338 F.Supp. 525, 527 (S.D. Iowa 1972). Upon consideration of the documents on file, which include a certificate from the Comptroller of the Currency that the Rhode Island Hospital Trust National Bank is in fact a national bank, the Court will enter an Order dismissing the complaint on the basis of 12 U.S.C.A. § 94.

Defendant Woonsocket Institution for Savings has similarly filed a motion to dismiss. Defendant Woonsocket seeks to dismiss the action for lack of personal jurisdiction over it within the meaning of Mass. Gen.Laws ch. 223A, § 3(a) and (e). The motion is supported by an affidavit alleging facts bearing on the issue of jurisdiction. Such facts disclosed in affidavits may be considered in ruling on a motion to dismiss for lack of jurisdiction. *Jackson v. Sargent,* 394 F.Supp. 162, 165 n.1 (D.Mass.1975).

It is well-settled that the law of the forum state determines the amenability of a foreign corporation to suit in a federal court diversity action. *E. g., Caso v. Lafay-* *ette Radio Electronics Corp.,* 370 F.2d 707 (1st Cir. 1966). Mass.Gen.Laws ch. 223A, § 3(a) gives rise to jurisdiction if the defendant either directly or through an agent transacted any business in Massachusetts and if plaintiff's claim arises from such transaction of business. *Droukas v. Divers Training Academy, Inc.,* 376 N.E.2d 548 (Mass.1978).

■ Confronted with a motion to dismiss, plaintiff bears the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined. *See, e. g., KVOS, Inc. v. Associated Press,* 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Aro Manufacturing Co. v. Automobile Body Research Corp.,* 352 F.2d 400 (1st Cir. 1965), *cert. denied,* 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966); *Nichols Assocs. v. Starr,* 341 N.E.2d 909 (Mass.App.1976). Plaintiff relies on the facts alleged in its complaint. From the few facts stated therein, it appears that defendant's only contacts are that Woonsocket granted a construction mortgage to plaintiff, a Massachusetts resident, and issued periodic checks to plaintiff in accordance with that mortgage.

It is undisputed that Woonsocket maintains no offices in Massachusetts; it has no personnel employed in Massachusetts; it maintains no mailing address in Massachusetts; and it conducts no loan closings in Massachusetts. On these facts, I rule that defendant's contacts with Massachusetts are insufficient to constitute the transaction of business in Massachusetts. *Cf. Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079 (1st Cir. 1973) (No jurisdiction when contact with forum state was a single order); *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 280 N.E.2d 423 (1972) (The mailing of a purchase order and check in partial payment to Massachusetts found insufficient to support personal jurisdiction). Accordingly, plaintiff has failed to meet its burden of establishing the facts necessary to bring defendant within the reach of Section 3(a).

■ Mass.Gen.Laws ch. 223A, § 3(e) gives rise to jurisdiction over a defendant

"having an interest in, using or possessing real property" in Massachusetts and if plaintiff's claim arises out of that interest.

Plaintiff's only possible ground for invoking this subsection must be Woonsocket's having an interest in real property, by virtue of its construction mortgage on realty located in Massachusetts. This fact alone is insufficient to bring Woonsocket within the Court's jurisdiction. Defendant's interest in real property in Massachusetts must be related to the cause of action. *Rivera v. Pocahontas Steamship Co.*, 340 F.Supp. 1307, 1310 (D.Mass.1971).

The gravamen of plaintiff's complaint is that Woonsocket was negligent in delivering checks to a payee and in paying those checks without proper endorsement. I rule that plaintiff's cause of action is merely incidental to defendant's interest in real property in Massachusetts and does not arise from that interest. Plaintiff's claim is unlike that stated in *DeLeo v. Childs*, 304 F.Supp. 593, 595 (D.Mass.1969), where the Court found that architect-plaintiff's claim, namely, that non-resident defendants breached a contract for the design and construction of a building on their Massachusetts land, brought defendants within the terms of Section 3(e). Here, plaintiff's factual allegations do not bring defendant Woonsocket within the reach of Section 3(e).

Plaintiff also alleges violation of "Massachusetts Consumer Protection Law." (sic) Such an allegation does nothing to meet plaintiff's burden of establishing that Woonsocket's security interest is related to the claim asserted.

Accordingly, an Order will enter allowing defendant Woonsocket's motion to dismiss for lack of personal jurisdiction within the meaning of Mass.Gen.Laws ch. 223A, § 3(a) and (e).