Larkin, J.
Plaintiff appeals from the action of the trial court in allowing the defendant’s motion to dismiss the plaintiff s complaint for lack of jurisdiction.
This appeal grows out of an action in which the plaintiff, a Massachusetts corporation, filed a complaint asserting a breach of a linen rental service contract against the defendant. The defendant is a Connecticut corporation with a usual place of business in East Windsor, Connecticut. The defendant does not have a place of business within the Commonwealth of Massachusetts. The contract at issue was dated October 4, 1974.
Service upon the defendant was sought to be made under the provisions of Chapter 223A, Section 3 (a).[1] The defendant filed a motion to dismiss, asserting the absence of personal jurisdiction and, in furtherance of this contention, attached an affidavit from its president, Samual Belkin, alleging that "no contract was made by and between the plaintiff within the Commonwealth of Massachusetts of any name, nature or description."
A hearing on the motion to dismiss was held and the following facts, relevant to the jurisdictional issue, were adduced. The contract for the provision of linen rental service was executed on October 4, 1974, at the defendant's place of business in East Windsor, Connecticut. This contract remained in force until January 4, 1980, when the asserted breach took place. Evidence elicited at the hearing showed further that the contract required the plaintiff to pick up soiled linen at the defendant’s place of business in East Windsor and to exchange clean *333 linen at the same time. These ‘ ‘pick-ups’ ’, according to the testimony, took place “more than once a week”, over the course of the contract.[2]
The evidence further showed that the defendant was engaged in the business of running a “dinner theatre” activity at the East Windsor site. In this operation, patrons who attended the defendant’s establishment could view a theatrical production as well as have dinner. In this regard, during the life of the linen rental service contract, there was evidence that the defendant, several times a week, placed newspaper ads in daily newspaper in the City of Springfield, Massachusetts as well as in suburban weekly publications in the greater Springfield area. These advertisements promoted the performance then being produced at the defendant’s establishment - “the Coachlight Dinner Theatre in East Windsor, Connecticut.” The advertisement listed a Longmeadow, Massachusetts telephone number which could be called by Massachusetts residents in the Springfield telephone area, without toll charge, for inquiries and ticket reservations.
The Massachusetts “long-arm’ ’ statute, G.L. c. 223A, is designed to provide a forum wherein citizens of the Commonwealth may pursue causes of action which arises as a result of a nonresident’s activities.[3]
The Supreme Judicial Court has consistently emphasized that the Massachusetts statute should be construed to authorize jurisdiction to the full extent permitted by the United States Constitution. See, e.g., Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1 (1979) It is thus clear that an assertion of jurisdiction over a nonresident defendant requires a duality of inquiry. The first step requires the judge to consider whether the assertion of jurisdiction is authorized by the language of the Long-Arm Statute itself. Second, if it is so authorized, the trial judge must consider whether the asserted exercise of jurisdiction is consonant with the due process limitations of the United States Constitution.[4] Accordingly, decision-making under the Statute is a twofold process in which both the statutory requirement regarding the nature of the activity and the constitutional due process standards musí be accorded deference.
On this record, here, the first inquiry is whether the defendant's activity constitutes' 'transacting any business in this Commonwealth” as that phrase has been judicially construed.[5] Although the judicial standard as to what level of commercial activity satisfies the transacting business requirement is somewhat amorphous, the Supreme Judicial Court has held that this provisions requires that a defendant have purposefully availed itself of the privilege of conducting business in Massachusetts. Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978).
*334 Droukas was a breach of warranty action filed by a Massachusetts purchaser of two allegedly defective marine engines purchased from a Florida corporation. The court refused to allow the assertion of jurisdiction over the defendant, noting that a single sale "f.o.b.” was an isolated transaction devoid of any other significant contacts with the Commonwealth. As such, it was not an act by which defendant "purposefully (availed) itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.” 375 Mass. at 159.
In 1979 and 1980, the Court further described isolated activity and defined its opposite facet, systematic and continuous activity.
Good Hope Industries, supra; Carlson Corp. v. University of Vermont, 380 Mass. 102 (19800). As noted above, in Good Hope Industries, the Court placed strong emphasis on whether the course of business conduct at issue could be said to have significant "commerical consequences” in the Commonwealth. There, in upholding jurisdiction, the Court found that the out of state defendant had engaged in an enterprise of substantial dimension and duration. In the course of its decision, the Court distinguished the “Automatic” Sprinkler case, supra, where the Court had affirmed the lower court’s denial of jurisdiction, characterizing the defendant’s activity as having little impact on commerce in Massachusetts. The Court also noted that it had reached a like result in Droukas, supra, "where the placement of an advertisement in a publication distributed in the Commonwealth," together with two other instances of episodic and "isolated" transactions, were viewed as too gossamer in commerical tone and character to establish the requisitejurisdictional nexus with the Commonwealth. Good Hope Industries, supra at page 8. See also, Kahn Paper Co. v. Crosby, 476 F. Supp. 1011 (D.Mass 1979); McClellan v. Woonsocket Inst. For Sav., 466 F. Supp. 943; Levine v. MacNeil, 428 F. Supp. 675 (1977); Walsh v. National Seating Co., 411 F. Supp. 564 (D.Mass. 1976) and Nichols Assoc. v. Starr, 4 Mass. App. Ct. 91 (1976). In each of the foregoing cases, the determination was made that the activity of the nonresident defendant was deemed either sufficiently attenuated or trangential to the commercial mainstream of the Commonwealth or, again, too isolated or episodic, to ground long-arm jurisdiction. And we believe that such is the situation in this case.
We are aware, as the Supreme Judicial Court has reminded us, the inquiries into questions of personal jurisdiction are "sensitive to the facts of each case.” Good Hope Industries, supra, at 2 citing Great W. United Corp. v. Kidwell, 577 F.2d 1256 (5th Cir. 1978)]. However, on this record, we have no hesitancy in concluding that the facts of this case do not bring the defendant within the literal requirements of Chapter 223 A, § 3 (a). First, other than for the most fleeting and episodic circumstances,[6] no representatives of the defendant were ever physically present in the Commonwealth for the purpose of conducting business with the plaintiff. Secondly, the contract for the providing of linen service was entered into and executed in Connecticut. Thirdly, as noted above, the focus of the contract, the pick-up and return of the linen took place in Connecticut. It is true that the life of the contract extended over a protracted period of time and thus, from this aspect, the arrangement escapes the jurisdiction defeating rubric of being "isolated and episodic.” However, so far as the contract having substantial "commercial consequences,” or being an arrangement of “substan *335 tial dimension,” within the Commonwealth, there is nothing in the record to show what the total dollar value of the contract aggregated, either on a yearly or cumulative total (over the life of the contract). Since, once a defendant asserts a putative jurisdictional deficiency, the plaintiff has the burden of establishing a valid basis of personal jurisdiction. [See, PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASS. DISTRICT COURTS, page 14 (citing Droukas v. Divers Training Academy, Inc. supra)], this Court cannot supply inferentially a figure which will lift the plaintiff over the substantial "commercial consequences” hurdle.
In summary, having reviewed the myriad of cases addressing this issue, we are satisfied that the trial court was correct in allowing the defendant’s motion to dismiss for lack of personal jurisdiction. The judgment of the District Court is affirmed and the appeal dismissed.

 G.L.,c.223A,§3, reads as follows: “Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause in law or equity arising from the person’s (a) transacting any business in this Commonwealth-”

 Although the clear focal point of these "pick-ups” was at the defendant’s East Windsor site, there was evidence that' 'on occasion,” the plaintiff would deliver clean linen to the defendant’s president Belkin, at his home in Longmeadow, Massachusetts.

 For a recent and comprehensive survey of the Massachusetts experience in this area, see West and Reinhardt, Long-Arm Jurisdiction and the United States Constitution: The Massachusetts Experience, 4 West. N.E. Law Review 353 (1982).

 However, in this regard, the Supreme Judicial Court has noted that since the Massachusetts Long-Arm Statute has been construed to authorize jurisdiction to the full extent permitted by the United States Constitution, in practice "the two questions tend to converge.” See, Good Hope Industries, Inc. v. Ryder Scott Co., supra, at page 6 (1979).

 Under G.L. c. 233A, §3, there are six specific kinds of activity usually arising in the context of business litigation which may subject a nonresident defendant to the jurisdiction of the courts of the Commonwealth. The' 'transacting any business’ ’ portion of the Statute is the most widely litigated subsection in Section 3. See, West and Reinhardt, supra, at 367.

 The occaisional deliveries of laundry to the Massachusetts home of the president of the defendant, see, supra.