LoConto, J.
The defendant filed this expedited appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal, from the trial judge’s allowance of the plaintiff’s motion for summary judgment. The facts necessary for an understanding of the issues, taken from the unopposed statement of the defendant, are as follows:
1. The defendant is, and has been at all times pertinent hereto, a resident of the State of New York.
2. The plaintiff, which is engaged in the business of moving and storing personal property, has, at all times pertinent hereto, had business locations, each with separate telephone listings, in Massachusetts, New York and Vermont.
3. In 1986, the defendant, while in the State of New York, telephoned the plaintiff for the purpose of arranging for some of his personal property to be moved from Richmond, Massachusetts to his home in New York.[1]
4. In June 1986, the defendant’s caretaker let the plaintiff upon the Richmond premises for the purpose of moving the defendant’s personal property, which included some antique furniture.
5. The plaintiff moved the defendant’s personal property from Richmond, Massachusetts to defendant’s home in New York.
6. After the plaintiff moved said personal property, the defendant complained to the plaintiff that its employees had damaged some of his personal property including some antique furniture.
7. Because of the amount of damage to the defendant’s personal property, the defendant did not pay the invoice submitted by the plaintiff.
8. On June 13,1990, the plaintiff obtained a default judgment in the amount of $1,480.80 against the defendant in the Adams Small Claims Court.
9. Service of the Small Claims Complaint was made pursuant to Uniform Small Claims Rule 3 under which notice was sent to defendant in New York by first class mail and by certified mail, return receipt requested.
10. Although the first class mail was not returned to the Adams Small Claims Court, the said return receipt was not signed by the Defendant[2]
11. On September 12, 1990, the plaintiff obtained a default judgment in the *90 amount of $1,480.80 against the defendant in the Pittsfield Small Claims Court.
12. Service of the Small Claims Complaint was made pursuant to Uniform Small Claims Rule 3 under which notice was sent to defendant in New York by first class mail and by certified mail, return receipt requested.
13. The return receipt was not signed by the defendant nor returned to the Pitts-field Small Claims Court although the first class mail was not returned to said Court.
14. On or about June 4,1991, plaintiff commenced an action in the Central Berkshire District Court based on the defendant’s failure to pay the two small claims default judgments.
15. The defendant filed an answer that set forth an affirmative defense of lack of personal jurisdiction and counterclaim (based on the damage done to his antique furniture).
16. On August 23,1995, and September 5,1995, hearings were held pursuant to plaintiffs Motion for Summary Judgment.
17. Each parly submitted affidavits at said hearings.
Our review of the granting of a motion for summary judgment involves the same standard employed by the trial judge. The affidavits, depositions, exhibits, or other material must be viewed in the light most favorable to the party resisting the motion. The judgment sought shall be granted if there are no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law. District/Municipal Courts Rules of Civil Procedure, Rule 56.
In this case, we find that there exist genuine issues of material fact requiring the case to proceed to trial. First is the issue of notice of the original small claims summons on the defendant Uniform Small Claims Rule 3 requires the clerk to send to the defendant by certified mail, return receipt requested, and also by separate first class mail, a copy of the Statement of Claim and Notice Form. “Such certified mail notice of tiie claim shall be sufficient, although unclaimed or refused by the defendant, provided that the first class mail notice is not returned to the court undelivered.” Uniform Small Claims Rules, Rule 3. It is undisputed that the court did not receive a return receipt signed by the defendant in either small claims case. In his affidavit, the defendant claims he did not receive any notice. “At this stage of the proceedings the defendant did all that he could reasonably have done to contradict the plaintiff’s affidavit, not to establish the truth of his position.” Kesler v. Prichard, 362 Mass. 132 (1972). The defendant’s denial of service reveals the existence of a genuine issue of material fact requiring denial of the motion for summary judgment.
The second genuine issue of material fact is whether the defendant was subject to the personal jurisdiction of the court. Specifically, whether personal jurisdiction over the defendant was obtained pursuant to the Massachusetts “long-arm” statute, G.L.c. 223A, §3. To come within the reach of section (a), transacting any business in Massachusetts, it must be shown that the defendant purposefully availed himself of the privilege of conducting business in Massachusetts. Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978). An isolated transaction with little impact on the state could be insufficient to satisfy not only the statute, but also the due process requirements of minimal contacts between the defendant and the forum state. Belmont Laundry, Inc. v. Coachlight Dinner Theatre, Inc., 1983 Mass. App. Div. 332. See: PER-LIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE DISTRICT COURTS. In addition, “inquiries into personal jurisdiction are sensitive to the facts in each case.” Belmont Laundry, Inc., supra at 334, citing Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1 (1979). The facts in this case involve two small claims actions by a company with locations in two other states against a non-resident for the single act of moving some of the defendant’s personal property from Richmond, Massachusetts to New York.[3] Whether this isolated activity satisfies the statute and *91 the due process requirements of minimal contact, involved genuine issues of material fact requiring a trial.
For the above stated reasons, the trial court’s allowance of the plaintiff’s motion for summary judgment is vacated and the matter is remanded for trial.

The defendant owned real estate in Richmond, Massachusetts, which he used for weekend and vacation visits.

The return receipt was signed by one “L. Wong” who was employed by the defendant; however, the defendant does not recall receiving said Small Claims Complaint or notice of the Small Claims hearing.

With an exception not applicable to this cause of action, $2,000.00 is the maximum recovery per small claims action.