Edouard STERN and Mainz Holdings
Limited, Plaintiffs,

v.

LF CAPITAL PARTNERS, LLC
and Lazard Frères & Co.,
LLC, Defendants.

Civ.A. No. 19218.

Court of Chancery of Delaware,
New Castle County.

Submitted: Oct. 25, 2002.
Decided: Jan. 10, 2003.
Revised: Jan. 27, 2003.

Edward M. McNally, and P. Clarkson
Collins, Jr., Morris, James, Hitchens &
Williams, LLP, Wilmington, and Stanley S.
Arkin, Hyman L. Schaffer, and Timothy A.
Greenselder, Arkin, Kaplan & Cohen,
LLP, New York City, for Plaintiffs.

Anne C. Foster, and Deborah Duskey,
Richards, Layton & Finger, PA, Wilmington, and Thomas G. Rafferty, Cravath,
Swaine & Moore, New York City, for Defendants.

### *OPINION AND ORDER*

LAMB, Vice Chancellor.

### I.

Effective June 1, 2001, this court adopted a new Rule 15(aaa) regarding amendments to pleadings. The purpose of that rule was to eliminate (or at least sharply curtail) instances in which this court is required to adjudicate multiple motions to dismiss the same action. Rule 15(aaa) is designed to accomplish that objective by requiring plaintiffs, when confronted by a motion to dismiss pursuant to any of Rules 12(b)(6), 12(c) or 23.1, to elect either to stand on the complaint and answer the motion or, instead, to amend or seek leave to amend the complaint before the response to the motion is due. The new rule enforces this requirement by providing that, if a plaintiff chooses to file an answering brief in opposition to a motion to dismiss rather than amend the complaint, any subsequent dismissal pursuant to the motion "shall be with prejudice un-

less the Court for good cause shown shall find that dismissal with prejudice would not be just under all the circumstances."[1]

The plaintiffs in this case elected to respond to the motion–standing on the complaint as filed. Thereafter, the defendants filed a reply brief, and the court heard oral argument. After the argument, but before the court rendered its decision, the plaintiffs moved for leave to amend the complaint.[2] That proposed amendment is for the purpose of making more detailed allegations of fact–known to the plaintiffs at the time they filed their complaint–about matters that are alleged generally in the initial complaint.

The court concludes that the pending motion is inconsistent with and implicitly proscribed by Rule 15(aaa). That rule contemplates amendments or motions for leave to amend after a dismissal motion is filed in only two situations: (i) before the due date of a brief responding to the motion to dismiss, and (ii) after the court decides that dismissal is warranted. In the first case, the motion is governed by the liberal standards of Rule 15(a). In the second, the more stringent standard of Rule 15(aaa) applies, requiring a showing of good cause why "dismissal with prejudice would not be just under all the circumstances." Neither situation exists here.

Thus, the court will deny the motion to amend and will, once again, take under submission the motion to dismiss. If the court should later decide to grant the motion to dismiss, the plaintiffs will have the opportunity to refile their motion to amend in accordance with the express provisions of Rule 15(aaa).

## II.

Edouard Stern, the individual plaintiff, filed a complaint in this action on October 26, 2001. He is a former managing director of Lazard Frères & Co. ("Lazard") and claims to be the largest individual investor in LF Capital Partners, LLC (the "Fund"). He also was a member of the Fund's Investment Committee during most of the relevant time period. Mainz Holdings Limited ("Mainz"), the corporate plaintiff, is a transferee of Stern's holdings in the Fund.

The defendants determined to move to dismiss the complaint, in lieu of filing an answer, and served their opening brief in support of that motion on January 4, 2002. The motion papers directly attacked the sufficiency of the complaint. The plaintiffs chose to stand on their complaint, filing their answering brief on February 5, 2002. The defendants thereafter filed a reply brief, and the court heard argument on March 26, 2002.

During oral argument, in response to a question from the court, plaintiffs' counsel explained that, while the generalized allegations of the complaint were sufficient to withstand the motion to dismiss, he could amend the pleading to make more specific allegations. This prompted the court to raise the subject of Rule 15(aaa). The following colloquy took place:

> THE COURT: There is a rule adopted by this court last year ... dealing with amendments to complaints, particularly in connection with motions to dismiss. Are you familiar with the rule?
>
> MR. SCHAFFER: Yes, I am, Your Honor.

---

1. The full text of the rule appears, *infra*, at Point III.

2. The procedural maneuvering that led to the filing of this motion is described more fully, *infra*.

THE COURT: Well, the time to have made a judgment about whether to amend your complaint was before you filed your responsive brief. Do you understand that?

MR. SCHAFFER: I understand that, Your Honor.

\* \* \* \* \* \*

THE COURT: Unless there is some reason why, in the interest of justice, I should permit you–notwithstanding the fact that you have answered this–to amend your complaint, I don't plan to do so.

MR. SCHAFFER: Your Honor, I'm content to rest on the allegations and the inference that Your Honor can draw from it as supporting–

THE COURT: So long as we all understand that. If I can do that and we go through this motion and I resolve this and conclude that your complaint should be dismissed, it will be dismissed with prejudice.

MR. SCHAFFER: I understand that, Your Honor.[3]

Approximately one week later, on April 2, 2002, plaintiffs filed a notice of dismissal, purportedly pursuant to Ch. Ct. R. 41(a)(1), stating that the action was dismissed without prejudice. In a letter of even date to the court, their counsel explained that his clients planned "to file a new complaint in this Court containing additional allegations with respect to the scheme engaged in by defendants." The letter went on to explain that, in light of the limitations on amendment imposed by Rule 15(aaa), "plaintiffs have elected this course . . . to eliminate the risk, however slight, of having their claim determined on the basis of a curable pleading deficiency. . . ." The next day, the defendants' counsel interposed an objection to the dismissal notice, arguing that it was ineffective, since the action was, at least in part, a derivative action subject to Ch. Ct. R. 23.1. That rule prohibits dismissals without leave of court. Plaintiffs' counsel then submitted a second form of dismissal, one requiring court approval. They argued that, even if Rule 23.1 applied, its requirements were satisfied and "[u]nder the circumstances, the rule mandates dismissal."

In response to these developments, the court convened a teleconference with counsel for the purpose of trying to sort out the developing procedural morass. At that conference, the court raised with counsel the issue of whether Rule 15(aaa) limited the operation of Rule 41(a) or, in the case of a derivative action, Rule 23.1, when the plaintiff has chosen to rest on its existing complaint in responding to a motion to dismiss. At the conclusion of the conference the court outlined several different avenues the plaintiffs might pursue. Shortly afterward, their counsel advised the court that they would file a motion to amend the complaint in the existing action, the operative premise being that the April 2, 2002 notice of dismissal was defective.

Approximately three months later, on July 2, 2002, plaintiffs filed the instant motion to amend. Following briefing, the argument on this motion was finally heard on November 22, 2002.

### III.

While Rule 15(aaa) has been mentioned occasionally in opinions since its adoption,[4]

---

**3.** Tr. of March 26, 2002 hearing at 42–43.

**4.** *White v. Panic,* 783 A.2d 543, 557 n. 56 (Del.2001); *Orman v. Cullman,* 794 A.2d 5, 28 n. 59 (Del.Ch.2002); *Zimmerman ex rel. Price-* *line.com, Inc. v. Braddock,* 2002 WL 31926608, at *12 n. 76 (Del.Ch. Dec.20, 2002); *California Public Employees' Retirement Sys. v. Coulter,* 2002 WL 31888343, at *17 (Del.Ch. Dec.18, 2002).

neither this court nor the Delaware Supreme Court has had occasion to interpret its provisions. The self-evident purpose of this rule is to reduce the burden on both the courts and the parties encountered when a successful motion to dismiss is met by a motion to re-plead. The full text of the rule is as follows:

> (aaa) Notwithstanding subsection (a) of this Rule, a party that wishes to respond to a motion to dismiss under Rules 12(b)(6), 12(c) or 23.1 by amending its pleading must file an amended complaint or a motion to amend in conformity with this rule no later than the time such party's answering brief in response to the Rule 12(b), 12(c) or 23.1 motion is due to be filed. In the event a party fails to comply with this requirement and the Court concludes that the pleading should be dismissed under Rule 12(b), 12(c) or 23.1, the dismissal shall be with prejudice unless the Court for good cause shown shall find that dismissal with prejudice would not be just under all the circumstances.

Obviously, this rule embodies a legislative-type finding that, by the time the responsive brief is due to be filed in opposition to a motion to dismiss of the type described in the rule, the party-plaintiff will have enough information from which to decide whether to stand on the complaint as alleged or, instead, to re-plead.

### A. Adequacy Of A Motion To Amend At This Stage In The Litigation

 Turning to the pending motion, the court concludes that plaintiffs' motion to amend is not now properly before the court. The reasons for this are easily stated. First, and most important, Rule 15(aaa) does not contemplate the possibility of filing a motion to amend after the responsive brief is filed and before a decision by the court dismissing the complaint. In this regard, Rule 15(aaa) must be read as a limit on the otherwise broad rights and powers of amendment plaintiffs enjoy under Rule 15(a); indeed, the language of the rule states that it is to operate "notwithstanding subsection (a)" of Rule 15. For example, before the due date for plaintiffs' answering brief, these plaintiffs had an absolute right to file an amended complaint, without even seeking leave of court. There is no question, however, that they surrendered that right when they chose to file their opposition to the motion to dismiss. The same would doubtless be true in the case of a plaintiff required to move for leave to amend under Rule 15(a).

Second, because the instant motion is not contemplated by the rules, there is no set standard by which to judge it. Under Rule 15(a), leave to amend is to be "freely given when justice so requires." Under Rule 15(aaa), by contrast, a dismissal is to be "with prejudice," *i.e.* without leave to amend, "unless the Court for good cause shown shall find that dismissal with prejudice would not be just under all the circumstances." These standards are quite different and should lead to different outcomes in many cases. To apply the more liberal standard of Rule 15(a) to the pending motion in the proceeding would surely undermine the policy embodied in the more stringent rule.

Although perhaps less obvious, it would also undermine the policy of Rule 15(aaa) if the court were to apply the stringent "good cause" standard of Rule 15(aaa) at this time. The reason for this is that neither the court nor the litigants should now be concerned with any pleading other than the original pleading. Indeed, if the Court denies the motion to dismiss, it may

never be necessary to consider the sufficiency of the proposed amended complaint. If, on the contrary, the motion to dismiss is granted, the court's ability to apply the "good cause" standard will be informed by its consideration of the motion to dismiss.

## B. *Adequacy Of Voluntary Dismissal Pursuant To Rule 41(a)*

■ As mentioned earlier in this opinion, an underlying premise of the plaintiffs' motion to amend is the ineffectuality of the Rule 41(a)(1) dismissal notice they filed on April 2, 2002. The court agrees that the April 2, 2002 notice did not result in the voluntary dismissal of this action. This is true for two reasons. First, the action appears to be derivative in nature and the plaintiffs' notice did not meet the requirements for dismissal found in Rule 23.1. Second, the court concludes that the dismissal was necessarily proscribed by the operation of Rule 15(aaa). It is obvious that a construction of Rule 41(a) that gave effect to the April 2, 2002 notice of dismissal would substantially interfere with the intended operation of Rule 15(aaa). In order to give Rule 15(aaa) its intended scope, once the time for amendment has passed under that rule, a party-plaintiff will not be permitted to resort to Rules 41(a), 23 or 23.1 to file a "without prejudice" dismissal of its action.

The plaintiffs correctly point out that neither Rule 15(aaa) nor Rule 41(a) refers to the other. Nevertheless, there is substantial interplay between Rule 15(aaa) and Rule 41(a), and those rules should be construed, to the extent possible, to give effect to both.[5] Here, for example, plaintiffs' counsel forthrightly acknowledged that they resorted to a Rule 41(a) dismissal in order to accomplish what Rule 15(aaa) would not allow–the filing of a new complaint. Obviously, mere willingness to pay the expense of a new lawsuit should not entitle a litigant to avoid the salutary operation of Rule 15(aaa). Perhaps this result would be even clearer if Rule 41(a) were made expressly subject to Rule 15(aaa), but the absence of such an express limitation does not require a different result. Rule 15(aaa) is itself sufficiently clear to preclude a plaintiff who has chosen to respond to a motion to dismiss (rather than amend) from dismissing in order to file a new action in this court alleging amended claims.

## IV.

For all the foregoing reasons, Plaintiffs' Motion For Leave to File Amended Complaint is **DENIED**, without prejudice to its later revival. **IT IS SO ORDERED.**

---

**5.** The same interplay exists between Rule 15(aaa) and the more restrictive dismissal provisions found in both Rule 23(e) (class actions) and the last sentence of Rule 23.1 (derivative actions).