# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD and<br>NANCY KABLAOUI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2021-0700-PWG |
| | ) | |
| GERAR PLACE CONDOMINIUM<br>ASSOCIATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROGER BINNER, DEBRA SALIM,<br>BRIAN COMROE, KAREN STUCK<br>and DANNY WATKINS in Their<br>Individual Capacity and Collectively as<br>Members of the Council, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: December 15, 2022
Date Decided: December 21, 2022

Christopher J. Isaac, Anthony Delcollo, and Thomas H. Kramer of OFFIT KURMAN, P.A., Wilmington, Delaware, *Attorneys for Plaintiffs*.

Brian T. McNelis of YOUNG & McNELIS, Dover, Delaware, *Attorney for Defendants*.

**GLASSCOCK**, Vice Chancellor

This matter is before me on exceptions to both a Master's final report (the "Final Report") and a Master's order staying consideration of a motion to supplement the complaint. The underlying action involves a dispute between Plaintiff condominium owners and the Defendants: the condominium association and its directors. Plaintiffs challenge a special assessment resulting from the association's decision to replace unit windows in the condominium. The Defendants moved to dismiss the amended complaint. The Plaintiffs' claims are purported to be both direct and derivative on behalf of the association. Upon review, the Master issued a thoughtful, thorough 30-page report finding that the amended complaint failed to state a claim and should be dismissed under Rules 12(b)(6) and 23.1. The Plaintiffs excepted to the Final Report.

Before the exception could be reviewed, the Plaintiffs moved to supplement the amended complaint, and the Master stayed consideration of that motion pending the outcome of the motion to dismiss. On exceptions, the Plaintiffs challenge both the stay and the recommendation of dismissal.

This Court could not maintain its current case load absent the service of the Masters in Chancery; they are essential to the proper functioning and reputation of the Court. Accordingly, although review of Masters' reports is undertaken *de novo*, the procedural functioning of the Master's docket is entitled to the same

1

respect as that before the other judicial officers of this Court, else the utility and efficiency of our process be diminished.

The main question posed by these exceptions is procedural. Should a plaintiff be allowed to supplement an insufficient complaint *after* answering a motion to dismiss, attempting thereby to include facts and allegations known to that plaintiff before he filed the answer to the motion, and tailored to defeat the motion? And should such a Plaintiff be able to avoid review of a finding of failure to state a claim in a Final Report by pointing to the supplementation? Obviously, this would have the same implications for efficiency as would a motion to *amend* in similar circumstances; a pernicious procedure prohibited by Rule 15(aaa) unless justice requires otherwise. Informed by that policy, I find that the Master properly stayed consideration of the motion to supplement and properly found that the amended complaint failed to state a claim. Accordingly, the exceptions must be denied.

I explain below.

# I. BACKGROUND

*A. Factual Background*

Because this decision is largely procedural, I provide only the briefest sketch of the underlying facts. For a more comprehensive explanation of the factual background, I direct readers to the Master's Final Report of May 20, 2022.[1]

Plaintiffs Edward and Nancy Kablaoui are owners of a condominium located in a complex administered by the Gerar Place Condominium Association, here a Defendant.[2] The remaining Defendants make up the council that oversees that association.[3] In the summer of 2021, following a water leak, the council ordered a replacement of the complex's exterior windows, to be paid for by a special assessment levied on homeowners.[4] Plaintiffs took issue with this and other council decisions, spawning this lawsuit.

*B. Procedural History*

This action was initially filed in August of 2021.[5] Shortly thereafter, Plaintiffs exercised their right to amend their complaint under Rule 15(a).[6] A motion to dismiss followed.[7] Before it was briefed, Plaintiffs filed motions for a temporary

---

[1] *Kablaoui v. Gerar Place Condo. Ass'n*, 2022 WL 1617729, at **1-2 (Del. Ch. May 20, 2022) [the "Final Report"].
[2] Pls.' Third Am. Compl. ¶¶ 1-2, Dkt. No. 48.
[3] *Id.* ¶ 3.
[4] *Id.* ¶¶ 38-46.
[5] Verified Compl., Dkt. No. 1.
[6] Letter to Court re Amendment, Dkt. No. 8; *see* Verified First Am. Compl., Dkt. No. 8.
[7] Defs.' Mot. to Dismiss, Dkt. No. 12.

restraining order[8] and expedited discovery.[9]  The latter motion was granted and limited expedited discovery eventually took place between January and March.[10]  With Defendants' permission, Plaintiffs' second motion to amend their complaint was granted and the motion to dismiss subsequently renewed.[11]  Following briefing, the Master issued her Final Report recommending dismissal on May 20, 2022.[12]  Plaintiffs filed timely exceptions pursuant to Rule 144,[13] which were fully briefed on July 14.[14]

A month later, with exceptions to the Final Report pending, the Plaintiffs filed a motion to supplement the complaint, citing Rule 15(d).[15]  Consideration of that motion was stayed by the Master in a September 7 letter,[16] to which Plaintiffs filed exceptions.[17]  The following week, the case was reassigned to me by the Chancellor for the limited purpose of resolving the exceptions.[18]  I heard oral arguments on the exceptions to the final report at the end of October.  At the conclusion of that hearing,

---

[8] Pls.' Mot. for TRO, Dkt. No. 14.
[9] Mot. for Expedited Proceedings, Dkt. No. 14.
[10] Tr. of 12-20-2021 Ruling of the Court 14:18-15:12, Dkt. No. 45; *see generally* Pls.' Mot. to Supplement, Ex. E, Dkt. No. 64 (summarizing inspections of Plaintiffs' expert) [the "Expert's Report"].
[11] Minute Order, Jan 13. 2022, Dkt. No. 42-43; Defs.' Mot. to Dismiss Pls.' Third Am. Compl., Dkt. No. 51.
[12] Final Report at *10.
[13] Pls.' Exception to Master's Final Report, Dkt. No. 57.
[14] Pls.' Reply in Supp. of Exceptions, Dkt. No. 62.
[15] Pls.' Mot. to Supplement, Dkt. No. 64.
[16] Letter to Counsel, Dkt. No. 67.
[17] Pls.' Notice of Exceptions to Master's Order issued on Sept. 7, 2022, Dkt. No. 68.
[18] Reassignment Letter, Dkt. No. 69.

I asked the parties for additional briefing on the Plaintiffs' motion to supplement.[19] Briefing was completed on December 15, and I took the matter under advisement.

## II. ANALYSIS

This Court reviews a Master's factual and legal findings *de novo*.[20] I find the record here sufficient to support a *de novo* review without additional hearings,[21] particularly given that Plaintiffs' exceptions are primarily legal, rather than factual.[22] Plaintiffs' motion to supplement the complaint under Rule 15(d) raises issues of both procedure and substance, which I address in turn, below.

*A. Plaintiffs' Motion to Supplement during the Pendency of Exceptions was Improper*

Whether the timing of Plaintiffs' motion to supplement under Rule 15(d) was proper is fundamentally a question of procedure. "Although the review of a Master's report is *de novo*, it is still a review. As such, it requires a review of the record created before the Master. Admitting new evidence would turn the review into a new proceeding, rather than a review."[23]

---

[19] Oral Argument on Exceptions to Master's Report dated 10-31-22, Dkt. No. 73.

[20] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[21] *Id*. (holding a new trial or further evidentiary hearings are not necessary where the Court can read the relevant portion of the factual record and draw its own conclusions).

[22] *See* Pls.' Exceptions to Master's Final Report 8-15, Dkt. No. 60 (arguing the Master's conclusions about contractual interpretation and demand futility were incorrect).

[23] *In re Baran*, 2017 WL 4355638, at *1 (Del. Ch. Sep. 29, 2017) (citing *Lynch v. Thompson*, 2009 WL 1900464, at *2 (Del. Ch. June 29, 2009)).

Plaintiffs acknowledge that their attempt to rewrite the factual record upon which the Master based her ruling creates "an awkward tension in the present procedural posture."[24] Nonetheless, they argue that this is necessary because, facing a case dispositive motion, they would be unfairly prejudiced if their case was decided on a record that is "indisputably stale."[25] These arguments, to my mind, reflect a fundamental misunderstanding of the procedure in question.

Parties may not introduce new evidence or make new assertions in an attempt to overturn a Master's Final Report on exceptions.[26] Instead, the general rule is that the parties are deemed to have consented to the factual findings to which no exception is taken.[27] While it is true that this Court's review of exceptions can, where necessary, involve a new trial or additional evidentiary hearings, the purpose of such hearings is to *clarify* the *existing* record, not to augment or alter the record on which the Master reached a decision.[28] Otherwise, the work of the Masters would lose its utility. Plaintiffs here have had a full and complete opportunity to make their arguments on the record currently before the Court. And it is upon that record that I base my review. Accordingly, I find that the Master did not err in staying Plaintiffs' motion to supplement, pending review of her Final Report by the Court.

---

[24] Opening Br. on Exceptions to September 7 Letter at 8, Dkt. No. 71.
[25] *Id.*
[26] *Lynch v. Thompson*, 2009 WL 1900464, at *2.
[27] *DiGiacobbe*, 743 A.2d at 184.
[28] *Id.*

Putting aside consideration of the exception to the Final Report for a moment, I feel that it would be useful to clarify the correct procedure when critical new evidence becomes available during the pendency of exceptions. As established above, this Court's review of exceptions is not the time for interjections of new evidence. However, a permanent exclusion of potentially dispositive evidence would conflict with the fundamental principles of equity. Therefore, once this Court has ruled on exceptions, a party seeking to introduce new evidence can follow one of two courses of action. If the case continues, it can file a motion to supplement under Rule 15(d).[29] If the Court issues an unfavorable dispositive decision, the party can instead file a motion for relief from the judgment under Rule 60(b), citing newly discovered evidence.[30] However, as explained below, neither of these rules constitutes an open invitation to relitigate.

*B. Granting Plaintiffs' Motion to Supplement under Rule 15(d) Would Be Inequitable*

Having found that Plaintiffs' motion fails on procedural grounds, I need not assess the merits of the motion. For the sake of clarity, however, I discuss briefly here the nature of the motion to supplement. Plaintiffs seek to substantially rewrite their third amended complaint through a motion to supplement under Rule 15(d), in

---

[29] Ct. Ch. R. 15(d).
[30] Ct. Ch. R. 60(b).

7

a way that seeks to address the allegations of the motion to dismiss.[31]  Defendant opposes on the grounds that Plaintiffs' motion is best understood as an attempt to amend the complaint that should be barred by Rule 15(aaa).[32]  "The defining difference between [motions to amend and to supplement] is that supplemental pleadings deal with events that occurred after the pleading to be revised was filed, whereas amendments deal with matters that arose before the filing."[33]  It is undisputed that the facts in question post-date the most recent amended complaint, filed January 21, 2022.[34]  Therefore, I assess the motion as an attempt to supplement under Rule 15(d), and not, per Defendants, a mislabeled motion to amend.

This Court has broad discretion to allow supplementation where equitable.[35] "Rule 15(d) is a highly permissive standard" except where (1) a plaintiff's request to supplement was inexcusably delayed and (2) the defendant is prejudiced as a result.[36]  Because I find that Plaintiffs' motion falls into this narrow exception, I must deny supplementation as inequitable.

The Master issued a Final Report granting the motion to dismiss in May 2022. The Plaintiffs seek to introduce facts discovered between *January and March* 2022

---

[31] Pls.' Mot. to Supplement, Dkt. No. 64; *see* Third Am. Compl. Red/Black Version, Dkt. No. 64 [the "Redline"].
[32] *See* Defs.' Answer to Pls.' Mot. to Supplement, Dkt. No. 76.
[33] *Agilent Techs., Inc. v. Kirkland*, 2009 WL 119865, at *4 (Del. Ch. Jan. 20, 2009) (citation omitted).
[34] Pls.' Reply Brief re Mot. to Supplement ¶ 2, Dkt. No. 77.
[35] Ct. Ch. R. 15(d).
[36] *Agilent Techs.*, 2009 WL 119865, at *5.

via a motion filed in mid-August.[37]  In an attempt to justify the delay, Plaintiffs point to the July 18 delivery of their own expert's five-page report.[38]  Plaintiffs provide no explanation for why this report, production of which was presumably within their control, was not created until two months after the motion to dismiss was decided and almost half a year after the underlying evidence was collected.  Given that the report merely summarizes facts available no later than March, I find that Plaintiffs request to supplement was inexcusably delayed.

Allowing Plaintiffs to supplement their complaint would also unfairly prejudice Defendants.  Plaintiffs' proposed changes to the complaint directly address the weaknesses identified by the Master in her Final Report, which recommends the Court grant Defendants' motion to dismiss under Rules 23.1 and 12(b)(6).[39]  It is clear to me that Plaintiffs' motion is responsive to the pending motion to dismiss, given its timing and content.  As a result, I find that Rule 15(aaa), which is addressed

---

[37] Pls.' Reply Brief re Mot. to Supplement ¶ 2, Dkt. No. 77. Plaintiffs' expert report also includes "new" facts from December *2021*.  Expert's Report at 3.

[38] Pls.' Mot. to Supplement ¶ 19, Dkt. No. 64.

[39] Specifically, the new allegations against Defendant Debra Salim attempt to evade dismissal under Rule 23.1 by shoring up the previous complaint's failure to plead "particularized facts about either Salim or [Defendant] Watkins." Final Report at 25; *see* Redline at ¶ 82(f).  Plaintiffs also make several attempts to dodge dismissal under Rule 12(b)(6).  They begin by arguing that, based on a newly obtained expert's report, the disputed window replacement was unnecessary and, therefore, outside the category of "*proper* common expenses." Redline ¶ 64 (quoting Code of Regulations § 3(c) (emphasis added)). This argument then forms the basis for alternative theories underlying Plaintiffs' previous claims for breach of contract and declaratory and injunctive relief. Redline ¶¶ 91(d), 97(d). The newly supplemented facts are also used to support two new causes of action. Redline ¶¶ 111-22.

to motions to amend and thus not dispositive here, is nonetheless instructive to my assessment of prejudice.[40]

Rule 15(aaa) requires that a party wishing to amend its complaint in response to a motion to dismiss move to do so no later than the time at which that party's answering brief would be due.[41]  Rather than amend (or supplement) their complaint, Plaintiffs here chose to respond to the motion to dismiss with an answering brief.[42] In such circumstances, "[o]ur Rules offer plaintiffs no opportunity to move to amend while an opposed motion to dismiss is pending."[43]  The rationale behind this restriction is "to eliminate (or at least sharply curtail) instances in which this court is required to adjudicate multiple motions to dismiss the same action."[44]

The logic underlying this application of judicial economy extends to Defendants' prejudice.  Plaintiffs waited to bring their motion to supplement until the complaint's deficiencies had been made clear, resulting in its dismissal on the merits.[45]  They now seek to leverage the lessons of their defeat into a chance to re-litigate the same action.  Defendants should not be required to spend additional time and resources fending off Plaintiffs' attempts to patch over their complaint's

---

[40] *See generally* Ct. Ch. R. 15(aaa) (restricting a party's ability *amend* its complaint following a motion to dismiss).

[41] Ct. Ch. R. 15(aaa); *Braddock v. Zimmerman*, 906 A.2d 776, 783 (Del. 2006).

[42] *See* Pls.' Answering Br. in Opp'n to Renewed Mot. to Dismiss, Dkt. No. 54.

[43] *Wells Lory Hillblom v. Wilmington Tr. Co.*, 2022 WL 17428978, at *5 (Del. Ch. Dec. 6, 2022) (citing *Stern v. LF Cap. P'rs, LLC*, 820 A.2d 1143, 1146 (Del. Ch. 2003)).

[44] *Stern v. LF Cap. P'rs, LLC*, 820 A.2d at 1143.

[45] *See* Final Report at 30 (recommending dismissal).

10

shortcomings using overlooked facts. To rule otherwise would create inefficiencies and perverse incentives. Dismissal with prejudice is therefore appropriate.

*C. Plaintiff's Exceptions to the Master's Final Report*

I have reviewed the Final Report and its factual findings and conclusions of law, *de novo*. I conclude that the Master's recommendations are correct, and that the exceptions must be denied.

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Exceptions to the Master's Final Report of May 20, 2022 are DENIED and judgment is entered in accordance with that Report. Plaintiffs' Motion to Supplement is also DENIED. An Order is attached.

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

EDWARD and
NANCY KABLAOUI,

        Plaintiffs,

        v.

GERAR PLACE CONDOMINIUM
ASSOCIATION,

      and

ROGER BINNER, DEBRA SALIM,
BRIAN COMROE, KAREN STUCK
and DANNY WATKINS in Their
Individual Capacity and Collectively as
Members of the Council,

        Defendants.

)
)
)
)
)
)
)
) C.A. No. 2021-0700-PWG
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ORDER

For the reasons stated in the accompanying Memorandum Opinion of December 21, 2022, the Master's Final Report of May 20, 2022 is affirmed and Defendants' motion to dismiss is GRANTED. Accordingly, Plaintiffs' motion to supplement is mooted.


    IT IS SO ORDERED.


                           /s/ Sam Glasscock III
                           Vice Chancellor