**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 20, 2025

Joel Friedlander, Esquire
Jeffrey M. Gorris, Esquire
David Hahn, Esquire
Matthew D. Venuti, Esquire
Friedlander & Gorris, P.A.
1201 N. Market Street, Suite 2200
Wilmington, DE 19801

Daniel A. Mason, Esquire
Sabrina M. Hendershot, Esquire
Spencer V. Crawford, Esquire
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1313 North Market Street, Suite 806
Wilmington, DE 19801

Elena C. Norman, Esquire
Rolin P. Bissell, Esquire
Daniel M. Kirshenbaum, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

RE:  *Dinkevich v. Deutsche Telekom AG et al.*,
C.A. No. 2021-0479-PAF

Dear Counsel:

This letter decision resolves Plaintiff David Dinkevich's Motion for Leave to

File the Proposed Verified Second Amended Class and Derivative Complaint (the

"Motion").[1] The action asserts claims arising out of the 2020 merger (the "Merger")

---

[1] Dkt. 431 ("Second Am. Compl.").

of T-Mobile US, Inc. ("T-Mobile" or the "Company") and Sprint Corporation

("Sprint").

## I. BACKGROUND

On June 1, 2021, Plaintiff filed the original Verified Class and Derivative

Complaint (the "Complaint").[2]    After the defendants moved to dismiss the

Complaint,[3] Plaintiff filed an amended Complaint (the "Amended Complaint," and

together with the Complaint, the "Complaints").[4]  The Amended Complaint is the

current operative complaint.   Some of the particularized allegations in the

Complaints were based on Plaintiff's inspection of T-Mobile's books and records

obtained under Section 220 of the Delaware General Corporation Law.

On December 17, 2021, the defendants filed four motions to dismiss.[5]

Plaintiff chose to stand on the Amended Complaint and filed his answering brief on

February 28, 2022.[6]  On January 18, 2023, the court granted in part and denied in

part the motions to dismiss.[7]  The most pertinent aspect of that ruling to this Motion

---

[2] Dkt. 1.

[3] Dkts. 26−31.

[4] Dkt. 37 ("Am. Compl.").

[5] Dkts. 53−58.

[6] Dkt. 65.

[7] Dkts. 102−106.

is the court's dismissal with prejudice of Count IX of the Amended Complaint. Count IX alleged that defendants Marcelo Claure and Ronald Fisher breached their fiduciary duties by acquiring T-Mobile stock while in possession of material non-public information, essentially a state law insider trading claim under *Brophy v. Cities Service Co.*, 70 A.2d 5 (Del. Ch. 1949).[8] Although the court dismissed the *Brophy* claims, the court denied the motion to dismiss other fiduciary duty claims relating to Claure and Fisher's involvement in what have been called the "Softbank Monetization Transactions."[9]

Following the court's ruling on the motions to dismiss, the parties engaged in extensive discovery.[10] More than 10 million pages of documents were produced, and 35 depositions were conducted.[11] Fact discovery closed on February 28, 2025.[12]

---

[8] Am. Compl. ¶¶ 275−277.

[9] Dkt. 103.

[10] Dkts. 115−118, 122, 124, 126−133, 135−153, 156−159, 162−168, 182−183, 185, 188−189, 193, 195−198, 200, 205, 209−211, 213, 215, 227, 232, 239, 266−269, 271, 273−285, 289, 292−293, 297, 304−305, 307−311, 314, 318−319, 326−335, 338−340, 345−346, 349−366, 368−369, 371, 373−382, 387−388, 391−399, 404−406, 408−415, 419−426, 429, 436, 438−441, 448, 463−466, 473−474.

[11] Motion ¶ 3.

[12] *Id.*

The parties exchanged opening expert reports on April 9, 2025.[13]  Plaintiff filed the Motion on April 18, 2025.

The proposed Second Amended Complaint does three things:  (1) dismisses all claims against defendants Michael Sievert and Braxton Carter; (2) adds allegations to support the claims against defendant John Legere; and (3) repleads the *Brophy* claims against Claure and Fisher.  Not surprisingly, there is no opposition to dropping the claims against Sievert and Carter.[14]  Legere, Claure, and Fisher oppose the Motion and, alternatively, ask the court to reschedule the October 2025 trial if the Motion is granted.  Plaintiff contends that granting the Motion should not disrupt the case schedule, and he opposes any request to reschedule the trial.[15]

## II.    ANALYSIS

Court of Chancery Rule 15 governs this Motion.  The court first considers the proposed Second Amended Complaint as it applies to Legere, then addresses the Motion as it pertains to the *Brophy* claims against Claure and Fisher.

---

[13] *Id.*

[14] Sievert and Carter filed a proposed order dismissing them from the case, which the court will enter.  *See* Dkt. 443.

[15] Motion ¶ 9.

### A. The Amendment as to Legere

After a responsive pleading is filed in this court, "a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires." Ct. Ch. R. 15(a)(2). This court interprets Rule 15(a)(2) to "allow for liberal amendment in the interest of resolving cases on the merits." *Gould v. Gould*, 2011 WL 141168, at *7 (Del. Ch. Jan. 7, 2011). "A motion for leave to amend a complaint is always addressed to the discretion of the trial court." *Bokat v. Getty Oil Co.,* 262 A.2d 246, 251 (Del. 1970). "In exercising that discretion, courts consider a number of factors, including bad faith, undue delay, dilatory motive, repeated failures to cure by prior amendment, undue prejudice, and futility of amendment." *Cartanza v. Lebeau*, 2006 WL 903541, at *5 (Del. Ch. Apr. 3, 2006); *see Cantor Fitzgerald, L.P. v. Cantor*, 1999 WL 413394, at *2 (Del. Ch. June 15, 1999) ("In the absence of undue prejudice, undue delay, bad faith, dilatory motive or futility of amendment, leave to amend should be granted." (citation omitted)).

The proposed Second Amended Complaint does not introduce new claims against Legere. Rather, it incorporates new allegations to bolster Plaintiff's existing

breach of fiduciary duty claims.[16] Plaintiff contends that these new allegations are supported by recent fact discovery, including Legere's February 18−19, 2025, deposition and belatedly produced text messages.[17] For example, the proposed Second Amended Complaint asserts that Legere's equity-based compensation created a disincentive to renegotiate the terms of the 2018 merger agreement between T-Mobile and Sprint in the best interests of T-Mobile's stockholders.[18] It further alleges that Legere actively pursued future employment with Sprint's controlling stockholder, SoftBank Group Corp. ("SoftBank"), during the Merger negotiations, thereby breaching his duty of loyalty.[19] In addition, there are new allegations that Legere leaked a term sheet that previewed the final exchange ratio and related terms to Sprint and SoftBank in November 2019.[20]

Legere maintains that Plaintiff has overstated the significance of the belated text message production.[21] He also argues that allowing the amendment after the

---

[16] Second Am. Compl. ¶¶ 97−128.

[17] Motion ¶¶ 7−8.

[18] Motion ¶ 4(b)(i). Second Am. Compl. ¶¶ 106−111.

[19] Motion ¶¶ 4(b)(ii), 8. Second Am. Compl. ¶¶ 97−105.

[20] Motion ¶ 4(b)(iii). Second Am. Compl. ¶¶ 112−128.

[21] Management Defs.' Response to Motion ¶¶ 3−4.

close of fact and expert discovery is "plainly prejudicial,"[22] particularly under the current case schedule.[23] Legere asks the court to adjust the schedule if the Motion is granted.[24]

Plaintiff argues that Legere cannot credibly claim prejudice when he failed to preserve, and even intentionally deleted, relevant text messages.[25] Beyond that, Legere's late production of text messages between April 9 and April 14, 2025, has revealed new facts about Legere's conduct.[26] Plaintiff insists that there is no prejudice given that trial is not scheduled to begin until October 2025.[27]

Plaintiff has demonstrated good cause to grant the Motion as to Legere. Legere is, and has been, a defendant in this action and represented by counsel from the outset. He has participated in discovery, and the proposed Second Amended Complaint does not add any new claims against him. Nevertheless, to mitigate any potential prejudice to Legere due to the timing of the amendment, the court will

---

[22] *Id.*

[23] *Id.*; *see also* Dkt. 418 (Order Governing Third Amended Case Schedule).

[24] Management Defs.' Response to Motion ¶ 4.

[25] Pl.'s Reply ¶ 1; *see also id.* Ex. A.

[26] Pl.'s Reply ¶¶ 2−3; *see also id.* Exs. B−D.

[27] Pl.'s Reply ¶ 4.

allow the parties to confer and select a new trial date. Accordingly, the Motion is granted with respect to the new allegations against Legere.

## B. Repleading of the *Brophy* Claims Against Claure and Fisher

The Plaintiff's attempt to revive the *Brophy* claims against Claure and Fisher requires a more searching analysis. This issue implicates two seemingly competing concepts in our procedural rules. Because the earlier dismissal of the *Brophy* claims was not a final judgment, that decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Ct. Ch. R. 54(b); *see Frank G.W. v. Carol M.W.*, 457 A.2d 715, 719 (Del. 1983) ("'Until the rendition of the final judgment, the interlocutory judgment remains within the control of the court.'") (quoting 46 Am.Jur.2d *Judgments* § 700 at 851 (1969)).

On the other hand, the court dismissed the *Brophy* claims with prejudice under Court of Chancery Rule 15(aaa), now Rule 15(a)(5)(B).[28] Rule 15(a)(5)(B) is clear: if a plaintiff files an answering brief in response to a motion to dismiss and the motion is granted, "a dismissal under Rule 12(b)(6) or 23.1 will be with prejudice . . . unless the Court for good cause shown dismisses the complaint without

---

[28] Rule 15 was rewritten and renumbered in 2024. Former Rule 15(aaa) is now 15(a)(5). No substantive change from Rule 15(aaa) was intended by the drafters. *See* Ct. Ch. R. 15 (cmt.).

prejudice." Ct. Ch. R. 15(a)(5)(B). The court did not grant the motion to dismiss the *Brophy* claims without prejudice, and the Plaintiff did not argue that good cause warranted dismissal without prejudice.

The purpose of Rule 15(a)(5)(B) is "to curtail the number of times that the Court of Chancery [is] required to adjudicate multiple motions to dismiss the same action." *Braddock v. Zimmerman*, 906 A.2d 776, 783 (Del. 2006); *see Stern v. LF Cap. P'rs, LLC*, 820 A.2d 1143, 1146 (Del. Ch. 2003) ("The self-evident purpose of this rule is to reduce the burden on both the courts and the parties encountered when a successful motion to dismiss is met by a motion to re-plead."). Thus, the standards governing amendment under Rule 15(a)(2) and 15(a)(5)(B) "are quite different." *Stern*, 820 A.2d at 1146. Although the court "should freely give leave when justice so requires," Ct. Ch. R. 15(a)(2), applying that same standard under Rule 15(a)(5)(B) "would surely undermine the policy embodied in the more stringent rule." *Stern*, 820 A.2d at 1146.

The parties agree that the court's earlier dismissal of the *Brophy* claims with prejudice is the law of the case. "The law of the case doctrine is a self-imposed restriction that prohibits courts from revisiting issues previously decided, with the intent to promote 'efficiency, finality, stability and respect for the judicial system.'" *State v. Wright*, 131 A.3d 310, 321 (Del. 2016) (quoting *Cede & Co. v. Technicolor,*

*Inc.*, 884 A.2d 26, 39 (Del. 2005)). "Once a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears." *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994). Nevertheless, the doctrine "is not inflexible in that, unlike *res judicata,* it is not an absolute bar to reconsideration of a prior decision that is clearly wrong, produces an injustice or should be revisited because of changed circumstances." *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1181 (Del. 2000) (analogizing the law of the case doctrine to the doctrine of *stare decisis*).

Thus, a party seeking to revive a claim that has been previously dismissed with prejudice under Court of Chancery Rules 12(b)(6) or 23.1 in advance of trial must satisfy the law of the case doctrine. *See*, *e.g.*, *Sciabacucchi v. Malone*, 2021 WL 3662394, at *1 (Del. Ch. Aug. 18, 2021); *In re Dell Techs. Inc. Class V S'holders Litig.*, 2020 WL 3096748, at *43 (Del. Ch. June 11, 2020); *In re P3 Health Gp. Hldgs., LLC*, 2022 WL 15026696, at *2 (Del. Ch. Oct. 27, 2022). "The law of the case doctrine, like Rule 15[(a)(5)(B)] itself, is intended to prevent pernicious serial litigation of issues already decided in the matter at bar." *Sciabacucchi*, 2021 WL 3662394, at *1 (applying the predecessor to Rule 15(a)(5)).

To resurrect his *Brophy* claims, the Plaintiff must "show that justice compels departure from the [law of the case] doctrine due to clear error, injustice, or a change in circumstances." *Sciabacucchi*, 2021 WL 3662394, at \*1. One recognized change in circumstances that could provide a compelling reason to revisit an interlocutory ruling is "evidence generated by the discovery process." *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 2014 WL 5465535, at \*5 (Del. Ch. Oct. 28, 2014); *accord P3 Health*, 2022 WL 15026696, at \*2; *see Dell*, 2020 WL 3096748, at \*43 ("If discovery shows that [a dismissed defendant] had a more significant and compromising role, then subject to the law of the case doctrine, the plaintiffs can seek to revisit her dismissal, should future developments provide a compelling reason for doing so."); *In re Mindbody, Inc., S'holder Litig.*, 2020 WL 5870084, at \*34 n.309 (Del. Ch. Oct. 2, 2020) (same); *see also Pub. Int. Rsch. Gp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997) (recognizing that one exception to the law of the case doctrine arises when "new evidence is available").

In dismissing the *Brophy* claims, the court concluded that "the [Amended] Complaint lack[ed] well-pleaded allegations that Claure and Fisher possessed the non-public financial information that form[ed] the foundation for th[e] [*Brophy*]

claim."[29] Claure and Fisher argue that the court's earlier ruling was not clearly wrong, did not work an injustice, nor has there been a significant change of circumstances that would justify repleading the claims against them.[30] Claure and Fisher acknowledge, however, that the proposed Second Amended Complaint contains over 30 pages of new allegations in support of the *Brophy* claims and "parrot[s] 40 documents produced in fact discovery."[31] Specifically, the proposed Second Amended Complaint describes with particularity, in Plaintiff's telling, how Claure and Fisher bought Company stock based on their possession of material non-public information.[32] Plaintiff points to this evidence as providing a sufficient factual basis and compelling justification to replead the *Brophy* claims.[33]

Plaintiff relies on Chancellor McCormick's letter decision in *In re Mindbody, Inc., S'holder Litig.*, 2021 WL 3126762, at *1 (Del. Ch. July 23, 2021), which granted the plaintiffs' motion to file an amended complaint and revived a previously dismissed claim. Earlier in that case, the court dismissed an aiding and abetting

---

[29] Dkt. 109 (Telephonic Bench Ruling on Defendants' Motion to Dismiss, Tr., at 92:15−18).

[30] Softbank Defs.' Opposition 4, 9−10.

[31] *Id*. at 6.

[32] Second Am. Compl. ¶¶ 259−312.

[33] Motion ¶ 4(c).

claim against one defendant, but noted that "'subject to the law of the case doctrine'" the plaintiffs could revisit that dismissal "'should future developments provide a compelling reason for doing so.'" *Mindbody,* 2020 WL 5870084, at *34 n.309 (quoting *Dell*, 2020 WL 3096748, at *43). With the benefit of discovery (*i.e.*, text messages and depositions), the plaintiffs later sought to replead the aiding and abetting claim. The court granted the motion. In applying the legal standard to the facts, the court took a practical approach "to align the inquiry" under the law of the case doctrine "with the policy underlying [Rule 15(a)(5)(B)]." *Mindbody*, 2021 WL 3126762, at *2. Accordingly, the plaintiffs had to meet their burden solely upon facts developed in discovery after they chose to stand on their pleading at the motion to dismiss stage. Reviewing the new allegations through that lens, the court concluded that the plaintiffs provided a sufficient basis to support reviving the aiding and abetting claim and granted the plaintiffs' motion to amend. *Id*. at *3.

By contrast, in *Sciabacucchi*, this court reached the opposite conclusion when reviewing three new pieces of evidence presented by the plaintiffs seeking to replead a previously dismissed claim against a former defendant. 2021 WL 3662394, at *5. After reviewing the new evidence, the court "[did] not find that the combination of the[] three new pieces of evidence represent[ed] a change in circumstances or cause[d] an injustice [had] the [p]laintiffs be[en] unable to amend." *Id*.

Plaintiff asserts that the evidence obtained in discovery—text messages and depositions—provides a compelling reason to revisit the prior dismissal of the *Brophy* claims.[34] Pointing to evidence obtained in discovery after Plaintiff filed his answering brief in opposition to the motion to dismiss the Amended Complaint and the new allegations in the proposed Second Amended Complaint derived therefrom, Plaintiff contends that he has now

> pleaded with particularity how SoftBank obtained non-public, updated long-term projections from T-Mobile at the end-stage of the Merger negotiations and thereafter, and how SoftBank and its senior executives were so impressed by T-Mobile's prospects that they treated the opportunity to buy T-Mobile stock at market prices as a compensation scheme.[35]

The pertinent new paragraphs of the proposed Second Amended Complaint buttress Plaintiff's theory that Claure and Fisher possessed material non-public financial information that could form the foundation for a *Brophy* claim.[36] In particular, the proposed Second Amended Complaint outlines that Claure and Fisher received documents labeled "Strictly Private & Confidential," which could have motivated their decision to purchase the Company's stock. And newly produced text messages lend further support to those allegations. Collectively, the evidence

---

[34] Pl.'s Reply ¶¶ 10−18; Second Am. Compl. ¶¶ 259−311.

[35] Pl.'s Reply ¶ 10; *id.* Ex. E.

[36] Second Am. Compl. ¶¶ 332−330.

obtained in discovery to bolster Plaintiff's *Brophy* claims demonstrates a sufficient change in circumstances to conclude that there is a compelling reason to depart from the law of the case doctrine.[37]  But this does not end the inquiry.

Claure and Fisher argue that granting the Motion would result in undue prejudice to them.  They contend that many of the documents upon which the new allegations rely were produced more than a year ago and that reviving the *Brophy* claims just a few months before trial deprives these defendants of needed discovery and would invite further motion practice.[38]  Plaintiff argues that Claure and Fisher are not prejudiced because they knew that Plaintiff was pursuing, and Claure and

---

[37] Claure and Fisher make a rather cursory argument that the Motion should be denied on the basis of futility.  Softbank Defs.' Opposition 12.  "A motion to amend should be denied on the basis of futility only if 'the legal insufficiency of the amendment is obvious on its face.'"  *Agspring Holdco, LLC v. NGP X US Hldgs., L.P.*, 2022 WL 170092, at *5 (Del. Ch. Jan. 19, 2022) (quoting *NACCO Indus., Inc. v. Applica, Inc.*, 2008 WL 2082145, at *1 (Del. Ch. May 7, 2008)).  Based upon the analysis above, the court cannot conclude that the legal insufficiency of the *Brophy* claim is obvious from the face of the proposed Second Amended Complaint.

[38] SoftBank Defs.' Opposition 9−11.  The Motion and opposition papers make only glancing reference to whether the *Brophy* claims are subject to dismissal under Court of Chancery Rule 23.1.  Given the court's preference of allowing the amendment and then addressing motions to dismiss, Claure and Fisher are not precluded from arguing that the *Brophy* claims must be dismissed for failure to plead demand futility.  *See Guidelines for Persons Litigating in the Court of Chancery* ¶ C(5)(g)(ii)(A) (2024) (noting that the court "prefers for the parties to stipulate to the amendment while reserving the right to challenge the sufficiency of the amended pleading at the time a response is due or through an appropriate motion"); *see also Coleman v. Milligan*, 2024 WL 309957, at *3 (Del. Super. Ct. Jan. 25, 2024) (granting right to file an amended complaint, but indicating that it would be subject to a motion to dismiss under Rule 12(b)(6)).

Fisher provided, discovery related to the previously dismissed *Brophy* claims.[39]  The

non-expert fact discovery closed on February 28, 2025, with relevant text messages

still produced on April 9, 2025, *i.e.*, ten calendar days, and seven business days,

before the filing of the Motion.  It is also worth noting that Claure and Fisher have

been defendants since the outset of the case and are represented by sophisticated

counsel.

Based on the particularized allegations included in the proposed Second

Amended Complaint that were developed through discovery, as well as Claure and

Fisher's having participated in the discovery process, there is sufficient basis to grant

the Motion to replead the *Brophy* claims against Claure and Fisher.[40]  As noted

earlier in granting the Motion as to the claims against Legere, the court is mindful

---

[39] Pl.'s Reply ¶¶ 10−17; *id*. Exs. H−G.

[40] The court is also mindful that one of the underlying goals of the adoption of former Rule 15(aaa) was to encourage plaintiffs to use the "tools at hand" under Section 220 of the Delaware General Corporation Law to obtain books and records to meet a motion to dismiss.  *See* Lawrence A. Hamermesh & Michael L. Wachter, *The Importance of Being Dismissive:  The Efficiency Role of Pleading Stage Evaluation of Shareholder Litigation*, 42 J. Corp. L. 597, 619−20 (2017) (explaining that Rule 15(aaa) "encourage[s] [a plaintiff] to put the 'best foot forward' in resisting [a] motion to dismiss, providing some assurance that the complaint will take maximum advantage of available facts before the motion to dismiss is decided").  The Plaintiff here did so.  *Cf. Joseph Penar Fam. Tr. v. Adams*, 2016 WL 1730765, at *8 n.65 (Del. Ch. Apr. 28, 2016) ("I find, however, that the purpose of Rule 15(aaa) would be subverted if a plaintiff who failed to use the tools at hand to create a sufficient record to overcome a motion to dismiss could avoid its strictures."), *aff'd*, 151 A.3d 896 (Del. 2016).

that the current case schedule warrants adjustment given the timing of the Motion and its proximity to trial. Therefore, "to mitigate any prejudice to [Claure and Fisher] resulting from the timing of" the repleading of the *Brophy* claims, the court will allow the parties to confer and agree on a later trial date. *Mindbody*, 2021 WL 3126762, at *3.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED.

IT IS SO ORDERED.

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor


cc:    All counsel of record (by *File & ServeXpress*)